No. 14-4549

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

DANIEL BINDERUP,

Plaintiff-Appellee,

v.

ERIC H. HOLDER, JR., in his official capacity as ATTORNEY GENERAL OF
THE UNITED STATES, et al.,

Defendants-Appellants.

---

On Appeals from the United States District Court for the
Eastern District of Pennsylvania (No. 13-6750) (Gardner, J.)

---

## JOINT APPENDIX – VOLUME 2 (pp. 93-193)

---

JOYCE R. BRANDA
  *Acting Assistant Attorney General*

ZANE D. MEMEGER
  *United States Attorney*

MICHAEL S. RAAB
PATRICK G. NEMEROFF
  *(202) 305-8727*
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7217*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, D.C.  20530*

# TABLE OF CONTENTS

## VOLUME I

Notice of appeal (R.31).................................................................................................1

Notice of cross-appeal (R.32) ......................................................................................2

Opinion (R.27) ..............................................................................................................4

Order (R.28) ................................................................................................................90

## VOLUME II

Docket..........................................................................................................................93

Complaint (R.1)............................................................................................................98

Criminal Complaint against Daniel Binderup (R.11-2).................................................. 113

Sentencing Order and Guilty Plea (R.11-3) .................................................................. 116

Declaration of Daniel Binderup (R.13-2) ...................................................................... 122

Criminal Docket (R.13-3) ............................................................................................. 125

Order for Relief under 18 Pa.C.S. § 6105(d) (R.13-4).................................................. 134

Transcript of Proceedings held on June 16, 2014 ......................................................... 135

CLOSED,APPEAL,A/R,STANDARD

# United States District Court
## Eastern District of Pennsylvania (Allentown)
### CIVIL DOCKET FOR CASE #: 5:13–cv–06750–JKG

BINDERUP v. HOLDER et al
Assigned to: HONORABLE JAMES KNOLL GARDNER
Referred to: MAGISTRATE JUDGE HENRY S. PERKIN
(Settlement)
Case in other court:  U.S.C.A., 14–04549
Cause: 42:1983 Civil Rights Act

Date Filed: 11/21/2013
Date Terminated: 09/25/2014
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**DANIEL BINDERUP**                          represented by   **ALAN GURA**
GURA &POSSESSKY PLLC
105 ORONOCO STREET
SUITE 305
ALEXANDRIA, VA 22314
703–835–9085
Email: alan@gurapossessky.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**DOUGLAS T. GOULD**
THE LAW OFFICES OF DOUGLAS
GOULD
925 GLENBROOK AVENUE
BRYN MAWR, PA 19010
610–520–6181
Fax: 610–520–6182
Email: dgould@gouldlawpa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ERIC H. HOLDER, JR.**                       represented by   **DANIEL RIESS**
*ATTORNEY GENERAL OF THE*                                     U.S. DEPT OF JUSTICE
*UNITED STATES*                                               20 MASSACHUSETTS AVE NW
ROOM 6122
WASHINGTON, DC 20001
202–353–3098
Email: daniel.riess@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LESLEY FARBY**
U.S. DEPT OF JUSTICE CIVIL DIV
20 MASSACHUSETTS AVE NW
ROOM 7220
WASHINGTON, DC 20530
202–514–3481
Email: lesley.farby@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ANNETTA FOSTER GIVHAN**
U.S. ATTORNEY'S OFFICE
615 CHESTNUT ST.
SUITE 1250

PHILADELPHIA, PA 19106
215−861−8319
Fax: 215−861−8349
Email: annetta.givhan@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**B. TODD JONES**
*DIRECTOR OF THE BUREAU OF*
*ALCOHOL, TOBACCO, FIREARMS*
*AND EXPLOSIVES*

represented by **DANIEL RIESS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LESLEY FARBY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ANNETTA FOSTER GIVHAN**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2013 | 1 | COMPLAINT against ERIC H. HOLDER, JR, B. TODD JONES ( Filing fee $ 400 receipt number 091921.), filed by DANIEL BINDERUP. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Civil Cover Sheet, # 4 Designation Form, # 5 Case Management Track Form)(rt) (Entered: 11/21/2013) |
| 11/21/2013 |  | Summons Issued as to ERIC H. HOLDER, JR, B. TODD JONES. Two Forwarded To: Counsel and One Given to AUSA on November 21, 2013 (rt) (Entered: 11/21/2013) |
| 11/21/2013 | 2 | Acceptance of Service by U.S. Attorney Re: accepted summons and complaint on behalf of the United States Attorney (only). (va, ) (Entered: 11/22/2013) |
| 01/08/2014 | 3 | Consent MOTION for Extension of Time to File Answer filed by ERIC H. HOLDER, JR, B. TODD JONES.Certificate of Service. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(FARBY, LESLEY) (Entered: 01/08/2014) |
| 01/09/2014 | 4 | NOTICE of Appearance by ANNETTA FOSTER GIVHAN on behalf of ERIC H. HOLDER, JR, B. TODD JONES with (as Local Counsel Only) Certificate of Service(GIVHAN, ANNETTA) (Entered: 01/09/2014) |
| 01/09/2014 | 5 | ORDER THAT DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT IS GRANTED AS UNOPPOSED, AND THAT DEFENDANTS SHALL HAVE UNTIL 2/20/2014 TO RESPOND TO PLAINTIFF'S COMPLAINT. SIGNED BY HONORABLE JAMES KNOLL GARDNER ON 1/8/14. 1/9/14 ENTERED AND COPIES E−MAILED.(ky, ) (Entered: 01/09/2014) |
| 01/09/2014 | 6 | MOTION for Pro Hac Vice filed by DANIEL BINDERUP.Declaration. (Attachments: # 1 Declaration, # 2 Text of Proposed Order, # 3 Supplement, # 4 Certificate of Service, # 5 Supplement, # 6 Supplement)(GOULD, DOUGLAS) ($40 Filing Fee Pd. − Receipt # 96373) Modified on 2/20/14 (fdc). (Entered: 01/09/2014) |
| 01/15/2014 | 7 | SUMMONS Returned Executed by Douglas T. Gould re: served Summons and Complaint upon B. Todd Jones by Certified Mail on 12/18/2013 (GOULD, DOUGLAS) Modified on 1/16/2014 (lisad, ). (Entered: 01/15/2014) |
| 01/17/2014 | 8 | ORDER REFERRING CASE TO MAGISTRATE JUDGE HENRY S. PERKIN TO SCHEDULE AND CONDUCT A SETTLEMENT CONFERENCE. SIGNED BY HONORABLE JAMES KNOLL GARDNER ON 1/17/14. 1/17/14 ENTERED AND COPIES E−MAILED.(ky, ) (Entered: 01/17/2014) |

| | | |
|---|---|---|
| 01/21/2014 | 9 | ORDER THAT THE MOTION FOR ADMISSION PRO HAC VICE OF ALAN GURA, ESQUIRE ON BEHALF OF PLAINTIFF DANIEL BINDERUP IS GRANTED. SIGNED BY HONORABLE JAMES KNOLL GARDNER ON 1/19/14. 1/21/14 ENTERED AND COPIES MAILED WITH ECF APPLICATION AND E–MAILED.(ky, ) (Entered: 01/21/2014) |
| 01/23/2014 | 10 | ORDER THAT A TELEPHONIC SETTLEMENT/STATUS CONFERENCE WILL BE HELD ON 3/6/2014 AT 2:30 P.M. BEFORE MAGISTRATE JUDGE HENRY S. PERKIN. SIGNED BY MAGISTRATE JUDGE HENRY S. PERKIN ON 1/23/14. 1/23/14 ENTERED AND COPIES MAILED, E–MAILED AND SERVED BY CHAMBERS.(ky, ) (Entered: 01/23/2014) |
| 02/20/2014 | 11 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION for Summary Judgment filed by ERIC H. HOLDER, JR, B. TODD JONES.Memorandum, Certificate of Service. (Attachments: # 1 List of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8)(RIESS, DANIEL) (Entered: 02/20/2014) |
| 03/06/2014 | 12 | Minute Entry for proceedings held before MAGISTRATE JUDGE HENRY S. PERKIN re a Telephonic Settlement Conference was held on 3/6/14 and was not placed on the record. (ky, ) (Entered: 03/06/2014) |
| 03/10/2014 | 13 | MOTION for Summary Judgment filed by DANIEL BINDERUP.Memorandum declaration. (Attachments: # 1 Memorandum in Support of Motion for Summary Judgment, # 2 Declaration of Daniel Binderup, # 3 Exhibit A, # 4 Exhibit B, # 5 Text of Proposed Order)(GURA, ALAN) (Entered: 03/10/2014) |
| 03/10/2014 | 14 | Memorandum and Points of Authority in Opposition re 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION for Summary Judgment filed by DANIEL BINDERUP. (Attachments: # 1 Text of Proposed Order)(GURA, ALAN) Modified on 3/11/2014 (lisad, ). (Entered: 03/10/2014) |
| 03/18/2014 | 15 | Consent MOTION for Extension of Time to File Response/Reply as to 13 MOTION for Summary Judgment filed by ERIC H. HOLDER, JR, B. TODD JONES.Certificate of Service. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(RIESS, DANIEL) (Entered: 03/18/2014) |
| 04/10/2014 | 16 | Consent MOTION for Leave to File *Attached Combined Brief* filed by ERIC H. HOLDER, JR, B. TODD JONES.Brief, Certificate of Service. (Attachments: # 1 Exhibit A (Proposed Combined Brief), # 2 Exhibit B (Ex 1 to Proposed Combined Brief), # 3 Text of Proposed Order, # 4 Certificate of Service)(RIESS, DANIEL) (Entered: 04/10/2014) |
| 04/14/2014 | 17 | ORDER THAT DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME AND THE CONSENT MOTION FOR LEAVE TO FILE COMBINED BRIEF ARE EACH GRANTED. IT IS FURTHER ORDERED THAT THE CLERK OF COURT IS DIRECTED TO FILE THE DEFENDANTS' COMBINED BRIEF AND EXHIBIT 1 THERETO. IT IS FURTHER ORDERED THAT DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, WHICH RESPONSE IS THE COMBINED BRIEF AND EXHIBIT THERETO, IS DEEMED TIMELY FILED ON APRIL 10, 2014. IT IS FURTHER ORDERED THAT A STATUS CONFERENCE WITH THE UNDERSIGNED BY TELEPHONE CONFERENCE CALL IS SCHEDULED FOR APRIL 21, 2014 AT 9:15 A.M. SIGNED BY HONORABLE JAMES KNOLL GARDNER ON 4/11/14. 4/14/14 ENTERED AND COPIES E–MAILED. (ky, ) (Entered: 04/15/2014) |
| 04/14/2014 | | STATUS CONFERENCE SET FOR 4/21/2014 09:15 AM IN JUDGE CHAMBERS BEFORE HONORABLE JAMES KNOLL GARDNER. (ky, ) (Entered: 04/15/2014) |
| 04/14/2014 | 18 | DEFENDANTS ERIC H. HOLDER, JR'S, AND B. TODD JONES'S COMBINED OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, EXHIBITS. (Attachments: # 1 Exhibit 1) (ky, ) (Entered: 04/15/2014) |
| 04/15/2014 | 19 | ORDER THAT A RULE 16 CONFERENCE BY TELEPHONE IS SCHEDULED FOR 4/21/2014 AT 9:15 A.M. BEFORE THE HONORABLE JAMES KNOLL |

| | | |
|---|---|---|
| | | GARDNER. SIGNED BY HONORABLE JAMES KNOLL GARDNER ON 4/15/14. 4/15/14 ENTERED AND COPIES E–MAILED.(ky, ) (Main Document 19 replaced on 4/22/2014) (ky, ). (Entered: 04/15/2014) |
| 04/22/2014 | 20 | Minute Entry for proceedings held before HONORABLE JAMES KNOLL GARDNER re: A Telephonic Rule 16 Scheduling Conference was held on 4/21/14 and was not placed on the record. (ky, ) (Entered: 04/22/2014) |
| 04/22/2014 | 21 | ARGUMENT SCHEDULING ORDER THAT ORAL ARGUMENT ON DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT FILED 2/20/14 AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FILED 3/10/14 IS SCHEDULED FOR 6/16/2014 AT 9:30 A.M. BEFORE THE HONORABLE JAMES KNOLL GARDNER. SIGNED BY HONORABLE JAMES KNOLL GARDNER ON 4/22/14. 4/22/14 ENTERED AND COPIES E–MAILED.(ky, ) (Entered: 04/22/2014) |
| 04/23/2014 | 22 | RULE 16 STATUS CONFERENCE ORDER THAT ORAL ARGUMENT ON DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT FILED 2/20/13 AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FILED 3/10/13 SHALL BE HELD BEFORE THE UNDERSIGNED ON 6/16/2014 AT 9:30 A.M. IN ALLENTOWN BEFORE THE HONORABLE JAMES KNOLL GARDNER. SIGNED BY HONORABLE JAMES KNOLL GARDNER ON 4/21/14. 4/23/14 ENTERED AND COPIES E–MAILED.(ky, ) (Entered: 04/23/2014) |
| 06/06/2014 | 23 | NOTICE by DANIEL BINDERUP re 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION for Summary Judgment , 13 MOTION for Summary Judgment *of Supplemental Authority, Bond v. United States* (Attachments: # 1 Exhibit A: Bond v. U.S.)(GURA, ALAN) (Entered: 06/06/2014) |
| 06/16/2014 | 24 | Minute Entry for proceedings held before HONORABLE JAMES KNOLL GARDNER re: ARGUMENT ON DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, and PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT was held on 6/16/14. ATTORNEYS for both sides argue motion, COURT deliberates and takes matter under advisement. (ky, ) (Entered: 06/16/2014) |
| 06/23/2014 | 25 | TRANSCRIPT of Motions Hearing held on 6/16/14, before Judge Gardner. Court Reporter/Transcriber Veritext National Court Reporting Co. Mid–Atlantic Region. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/14/2014. Redacted Transcript Deadline set for 7/24/2014. Release of Transcript Restriction set for 9/22/2014. (fdc) (Entered: 06/23/2014) |
| 06/23/2014 | 26 | Notice of Filing of Official Transcript with Certificate of Service re 25 Transcript – PDF, 6/23/14 Entered and Copies Emailed and Mailed. (fdc) (Entered: 06/23/2014) |
| 09/25/2014 | 27 | OPINION. SIGNED BY HONORABLE JAMES KNOLL GARDNER ON 9/25/2014. 9/25/2014 ENTERED AND COPIES E–MAILED AND COPY SENT TO LEGAL INTELLIGENCER.(lbs, ) (Entered: 09/25/2014) |
| 09/25/2014 | 28 | ORDER THAT DEFENDANT'S MOTION IS GRANTED IN PART, DISMISSED AS MOOT IN PART, AND DENIED IN PART, ETC. IT IS FURTHER ORDERED THAT PLAINTIFF'S MOTION IS GRANTED IN PART AND DENIED IN PART, ETC. IT IS FURTHER ORDERED THAT THE CLERK OF COURT SHALL MARK THIS CASE CLOSED FOR STATISTICAL PURPOSES, ETC. SIGNED BY HONORABLE JAMES KNOLL GARDNER ON 9/25/2014. 9/25/2014 ENTERED AND COPIES E–MAILED AND COPY SENT TO LEGAL INTELLIGENCER.(lbs, ) (Entered: 09/25/2014) |
| 10/08/2014 | 29 | BILL OF COSTS by DANIEL BINDERUP. (GOULD, DOUGLAS) (Entered: 10/08/2014) |
| 10/17/2014 | 30 | Objections by ERIC H. HOLDER, JR, B. TODD JONES re 29 Bill of Costs . (Attachments: # 1 Certificate of Service)(RIESS, DANIEL) (Entered: 10/17/2014) |

| | | |
|---|---|---|
| 11/21/2014 | 31 | NOTICE OF APPEAL by ERIC H. HOLDER, JR, B. TODD JONES. Copies to Judge, Clerk USCA, Appeals Clerk (Attachments: # 1 Certificate of Service) (RIESS, DANIEL) Modified on 11/21/2014 (nd). (Entered: 11/21/2014) |
| 11/21/2014 | 32 | NOTICE OF CROSS APPEAL as to 27 Memorandum and/or Opinion, 28 Order (Memorandum and/or Opinion), by DANIEL BINDERUP, Certificate of Service. (GURA, ALAN) Modified on 11/21/2014 (nd, ). (Entered: 11/21/2014) |
| 11/21/2014 | 33 | Clerk's Notice to USCA re 31 Notice of Appeal. (fdc) (Entered: 11/21/2014) |
| 11/21/2014 | 34 | Clerk's Notice to USCA re 32 Notice of Cross Appeal. (fdc) (Entered: 11/21/2014) |
| 11/25/2014 | | USCA Appeal Fees received $ 505 receipt number 111834 re 32 Notice of Cross Appeal filed by DANIEL BINDERUP (fdc, ) (Entered: 11/25/2014) |
| 11/26/2014 | | NOTICE of Docketing Record on Appeal from USCA re 32 Notice of Cross Appeal filed by DANIEL BINDERUP. USCA Case Number 14–4550 (fdc, ) (Entered: 11/26/2014) |
| 11/26/2014 | | NOTICE of Docketing Record on Appeal from USCA re 31 Notice of Appeal filed by B. TODD JONES, ERIC H. HOLDER, JR.. USCA Case Number 14–4549 (sg, ) Modified on 12/1/2014 (lisad, ). (Entered: 11/26/2014) |

2 App. 97

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL BINDERUP, | ) | Case. No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER, JR., Attorney General | ) | |
| of the United States; B. TODD JONES, | ) | |
| Director of the Bureau of Alcohol, Tobacco, | ) | |
| Firearms and Explosives, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Now comes Plaintiff Daniel Binderup, by and through undersigned counsel, and complains of Defendants as follows:

## THE PARTIES

1.  Plaintiff Daniel Binderup is a natural person and citizen of Pennsylvania and of the United States, residing in Manheim, Lancaster County, Pennsylvania. Mr. Binderup presently intends to purchase and possess a handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action.

2.      Defendant Eric H. Holder, Jr. is sued in his capacity as the Attorney General of the United States. As Attorney General, Holder is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

3.      B. Todd Jones is sued in his capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"). As Director of BATFE, Jones is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

<u>JURISDICTION AND VENUE</u>

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

5.      Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claim occurred, and the Plaintiff resides, in this judicial district.

2 App. 99

## STATEMENT OF FACTS

*Plaintiff's Background*

6.      Daniel Binderup is over the age of 21, is not under indictment, has

never been convicted of a felony or misdemeanor crime of domestic violence, is not

a fugitive from justice, is not an unlawful user of or addicted to any controlled

substance, has not been adjudicated a mental defective or committed to a mental

institution, has not been discharged from the Armed Forces under dishonorable

conditions, has never renounced his citizenship, and has never been the subject of

a restraining order relating to an intimate partner.

7.      On July 15, 1998, Binderup was convicted by the Court of Common

Pleas of Lancaster County, Pennsylvania, of one count of 18 Pa. C.S. § 6301,

Corruption of Minors, a first degree misdemeanor. The offense allegedly occurred

June 30, 1996.

8.      In Pennsylvania, a first degree misdemeanor is punishable by up to

five years' imprisonment, but carries no mandatory minimum sentence. 18 Pa. C.S.

§ 1104(1).

9.      The charge stemmed from a fully consensual romantic affair that

Binderup had conducted with a 17-year-old female. No allegations existed that the

relationship was anything other than fully consensual, and under Pennsylvania law,

3

the female in question was old enough to consent to a romantic relationship with

Binderup. However, as the female was shy of her 18th birthday, the state

prosecuted Binderup for allegedly corrupting her morals.

10.     Binderup pled guilty and was sentenced to three years probation,

which he successfully completed; and assessed $1,425.70 in costs and $450 in

restitution, which he paid.

11.     Binderup acknowledges that his behavior was wrong. Fortunately, his

wife forgave him, and they remain happily married today, in their 40th year

together, having successfully raised two children. In 2001, Binderup sold his

business, a bakery of 12 years that had employed 8 people. He has since

successfully owned and operated his own plumbing business. Binderup has not

been convicted of any further offenses.

12.     Binderup's conviction disabled him from possessing firearms,

pursuant to 18 Pa. C.S. § 6105(a) and, as interpreted by Defendants and their

predecessors, 18 U.S.C. § 922(g)(1). Accordingly, upon his conviction, Binderup

immediately sold his firearms to a licensed dealer, and his handgun carry license

was revoked.

13.     On June 1, 2009, the Court of Common Pleas of Lancaster County,

Pennsylvania, granted Binderup's petition for removal of disqualification from

4

2 App. 101

owning or possessing firearms, pursuant to 18 Pa. C.S. § 6105(d). See *Binderup* v.

*Restoration of Firearm Rights*, Court of Common Pleas, Lancaster County,

Pennsylvania Misc. Docket No. MD 314-2009. Referencing the "agreement

reached between the Commonwealth and Petitioner [Binderup]," the court ordered

and directed that Binderup's firearms disability owing to his Corruption of Minors

conviction be "lifted" and that Binderup's "firearms right to possess, use, control,

sell, transfer or manufacture under the laws of the Commonwealth of Pennsylvania

is hereby granted," although "[t]his relief does not exempt Petitioner from any

federal statutes or restrictions."

*Defendants' Regulatory Scheme*

14.     Title 18, United States Code § 922(g)(1) prohibits the possession of

firearms by any person convicted of "a crime punishable by imprisonment for a

term exceeding one year." Violation of this provision is a felony criminal offense

punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

15.     The term "crime punishable by imprisonment for a term exceeding one

year" "does not include . . . (B) any State offense classified by the laws of the State

as a misdemeanor and punishable by a term of imprisonment of two years or less."

18 U.S.C. § 921(a)(20). Defendants have taken the position that the term "crime

punishable by imprisonment for a term exceeding one year" includes state

5

misdemeanors carrying statutory sentencing ranges exceeding two years, without regard to any mandatory minimum sentence, such as 18 Pa. C.S. § 6301.

16.     Title 18, United States Code § 922(d)(1) prohibits anyone from transferring firearms or ammunition to anyone whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

17.     All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I – Over-The-Counter," administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124. Question 11(c) on Form 4473 asks:

> Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?

18.     Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct firearm dealers to refrain from even running a background check on anyone who answers yes to this question, and simply to deny the transaction on the basis of that answer:

> If a prospective purchaser answered "yes" to any of the questions on the ATF Form 4473 (other than questions 9 a. and 9 l. of the 10/98 edition), you

should not contact the NICS because the subject is prohibited from purchasing.

BATF FFL Newsletter, May, 2001, Issue I, at 14, available at http://www.atf.gov/

files/publications/newsletters/ffl/ffl-newsletter-2001-05.pdf (last visited November

11, 2013).

> If the prospective purchaser answers "yes" to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received an "proceed" or "denied" response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.

BATF FFL Newsletter, September 1999, Issue II, at 2, available at http://www.atf.

gov/files/publications/newsletters/ffl/ffl-newsletter-1999-09.pdf (last visited

November 11, 2013).

*Defendants' Thwarting of Plaintiff's Presently Intended Transactions*

19.     Binderup desires and intends to possess firearms for self-defense and

for defense of his family.

20.     Owing to his misdemeanor conviction, Binderup is prohibited by

Defendants from following through with his intent to obtain a firearm, based on

Defendants' interpretation and enforcement of 18 U.S.C. §§ 921(a)(20)(B) and

922(g)(1).

21.     Binderup refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm.

22.     Binderup refrains from purchasing a firearm from a private party, because doing so would subject him to arrest, prosecution, fine, and incarceration, at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1).

23.     Considering Defendants' interpretation of federal law, Binderup is unwilling to state on Form 4473 that he has not, in fact, been convicted of a crime punishable by imprisonment for over one year. But should Binderup answer, on Form 4473, that he has been convicted of a crime punishable by imprisonment for over one year, any federal firearms licensee who follows Defendants' directives would refuse to sell Binderup a firearm on account of the fact that Binderup is prohibited from possessing firearms under 18 U.S.C. § 922(g)(1). Thus, Binderup suffers the on-going harm of being unable to obtain firearms from licensed federal firearms dealers, which Binderup would, in fact, obtain but for the enforcement of 18 U.S.C. § 922(g)(1).

24.     On October 5, 2013, Binderup approached a federal firearms licensee, expressed his desire to purchase a firearm, and inquired as to whether it was

8

2 App. 105

possible for him to purchase a firearm considering the fact that he had been

convicted of a crime that the federal government would assert is punishable by over

a year's imprisonment. The dealer confirmed that Binderup could not purchase a

firearm.

COUNT ONE
DECLARATORY AND INJUNCTIVE RELIEF
INTERPRETATION OF 18 U.S.C. §§ 921(a)(2)(B), 922(g)(1)

25.   The allegations of paragraphs 1 through 24 are incorporated as though

fully set forth herein.

26.   Binderup's conviction for misdemeanor corruption of a minor, in

violation of 18 Pa. C.S. § 6301, cannot be the basis for a firearms disability under

18 U.S.C. § 922(g)(1), because it is a state misdemeanor "punishable by a term of

imprisonment of two years or less," 18 U.S.C. § 921(a)(20)(B), as demonstrated by

the fact Binderup's punishment did not include any term of imprisonment.

27.   Binderup is entitled to declaratory and injunctive relief barring

Defendants from enforcing 18 U.S.C. § 922(g)(1) against him on account of his

misdemeanor conviction for violating 18 Pa. C.S. § 6301.

9

COUNT TWO
INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF
RIGHT TO KEEP AND BEAR ARMS, U.S. CONST. AMEND. II

28.    The allegations of paragraphs 1 through 27 are incorporated as though fully set forth herein.

29.    Binderup is a responsible, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen. Binderup is unlikely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

30.    On account of Daniel Binderup's unique personal circumstances, including but not limited to the nature of his misdemeanor conviction, the passage of time since that conviction, Binderup's generally law-abiding record over the years, his trustworthiness with firearms and the lack of danger that his possession of firearms would pose, it is unconstitutional to apply against Binderup, personally, the firearms prohibition of 18 U.S.C. § 922(g)(1), on account of his misdemeanor conviction under 18 Pa. C.S. § 6301.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

2 App. 107

1.     A declaration that 18 U.S.C. § 922(g)(1) cannot be applied against Daniel Binderup on account of his 1998 misdemeanor conviction under 18 Pa. C.S. § 6301;

2.     A declaration that application of 18 U.S.C. § 922(g)(1) against Daniel Binderup, on account of his 1998 misdemeanor conviction under 18 Pa. C.S. § 6301, violates the Second Amendment to the United States Constitution;

3.     An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Daniel Binderup on the basis of his 1998 misdemeanor conviction under 18 Pa. C.S. § 6301;

4.     Costs of suit;

5.     Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

6      Any other further relief as the Court deems just and appropriate.

Dated: November 13, 2013                    Respectfully Submitted,

                                    By: _____

Alan Gura                           Douglas Gould (PA Bar No. 78357)
Gura & Possessky, PLLC              Law Offices of Douglas T. Gould, P.C.
101 N. Columbus Street, Suite 405   925 Glenbrook Avenue
Alexandria, VA 22314                Bryn Mawr, PA 19010
703.835.9085/Fax 703.997.7665       610.520.6181/Fax 610.520.6182
alan@gurapossessky.com              dgould@gouldlawpa.com
*Admission pro hac vice pending     Attorneys for Plaintiffs

11

2 App. 108

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Daniel Binderup

**DEFENDANTS**

Eric H. Holder, Jr., B. Todd Jones

**(b)** County of Residence of First Listed Plaintiff    Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Douglas T. Gould (PA Bar No.: 78357)
The Law Offices of Douglas T. Gould, P.C.
925 Glenbrook Avenue, Bryn Mawr, PA 19010-(610) 520-6181

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❑ 1 U.S. Government Plaintiff | ❑ 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 U.S. Government Defendant | ❑ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 400 State Reapportionment |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ | | | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | Product Liability | | ❑ 820 Copyrights | ❑ 450 Commerce |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product | | ❑ 830 Patent | ❑ 460 Deportation |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | Liability | | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| | ❑ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 355 Motor Vehicle Product Liability | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 160 Stockholders' Suits | ❑ 360 Other Personal Injury | ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 190 Other Contract | ❑ 362 Personal Injury - Medical Malpractice | ❑ 380 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 195 Contract Product Liability | | ❑ 385 Property Damage Product Liability | ❑ 751 Family and Medical Leave Act | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| ❑ 196 Franchise | | | ❑ 790 Other Labor Litigation | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| | | | ❑ 791 Employee Retirement Income Security Act | | ❑ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❑ 896 Arbitration |
| ❑ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 950 Constitutionality of State Statutes |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❑ 2 Removed from State Court | ❑ 3 Remanded from Appellate Court | ❑ 4 Reinstated or Reopened | ❑ 5 Transferred from Another District *(specify)* | ❑ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 2201, 2202
Brief description of cause:
Declaratory and injunctive relief from 18 USC Sec 922(g)(1)disability

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❑ Yes ⦿ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
November 21, 2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1134 Old Line Rd., Manheim, PA 17545

Address of Defendant: U.S. Dept. of Just., 950 Pennsylvania Ave, Wash. D.C. 20530-0001

Place of Accident, Incident or Transaction: Manheim, Lancaster County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☑

Does this case involve multidistrict litigation possibilities? Yes☐ No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ✔ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Douglas Gould , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

✔ Relief other than monetary damages is sought.

DATE: 11/21/13 _____ Attorney-at-Law _____ 78357 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/21/13 _____ Attorney-at-Law _____ ttorney I.D.#

CIV. 609 (5/2012)

2 App. 111



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Daniel Binderup
v.
Eric Holder, Jr. et al.

CIVIL ACTION

**13    6750**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (✓)

| | | |
|---|---|---|
| 11/21/13 | Douglas Gould | Plaintiff |
| Date  610 520 6181 | Attorney-at-law | Attorney for |
| ~~610 253 5040~~  610 520 6182 | 610 520 6182 | dgould@gouldlawpa.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



2 App. 112

ORIGINAL

**COMMONWEALTH OF PENNSYLVANIA**

COUNTY OF: Lancaster

**POLICE**

**CRIMINAL COMPLAINT**

**COMMONWEALTH OF PENNSYLVANIA**

Magisterial District Number: 02-2-05

District Justice Name: Hon.   David Brian

Address:   399 Camp Meeting Road
Landisville, PA  17538

Telephone: ( 717 ) 898-2511

**VS.**   *4127-1997*

DEFENDANT:

NAME and ADDRESS

Daniel Richard Binderup

▮▮▮▮▮▮▮▮▮▮▮▮

Docket No.:   CR-195-97

Date Filed: 9/30/97

OTN:  F125232-2

| Defendant's Race/Ethnicity | Defendant's Sex | Defendant's D.O.B. | Defendant's Social Security Number | Defendant's SID |
|---|---|---|---|---|
| ☒ White ☐ Asian ☐ Black<br>☐ Hispanic ☐ Native American ☐ Unknown | ☐ Female<br>☒ Male | ▮▮▮▮ | ▮▮▮▮ | |
| Defendant's A.K.A. | | Defendant's Vehicle Information:<br>Plate Number   State   Registration Sticker(MM/YY)   State | Defendant's Driver's License Number   State | |
| Complaint/Incident Number<br>97013849 | | Complaint/Incident Numbers if other Participants | | UCR/NIBRS Code |

**District Attorney's Office** ☐ Approved ☐ Disapproved because:_____
(The district attorney may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing.
Pa.R.Cr.P. 107.)

| (Name of Attorney for Commonwealth - Please Print or Type) | (Signature of Attorney for Commonwealth) | (Date) |
|---|---|---|

I,   Det. Allen Leed                                                SP6

(Name of Affiant - Please Print or Type)                  (Officer Badge Number/I.D.)

of Manheim Township Police Department   PA 0360800

(Identify Department or Agency Represented and Political Subdivision)   (Police Agency ORI Number)   (Originating Agency Case Number (OCA))

do hereby state:  (check the appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but is described as _____

   ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have
   therefore designated as John Doe
   with violating the penal laws of the Commonwealth of Pennsylvania at   Binderup's Bake Shop 2027 Miller Rd
                                                                           (Place-Political Subdivision)

East Petersburg,   And ▮▮▮▮▮▮▮▮   East Petersburg, PA

in         Lancaster         County on or about   diverse times & dates between
                                                   June 1996 & August 1997

Participants were:  (if there were participants, place their names here, repeating the name of above defendant)
_____

2. The acts committed by the accused were:
(Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute allegedly violated,
without more, is not sufficient. In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated.)

    Corruption of Minors (m-1)

**POLICE CRIMINAL COMPLAINT**



| | |
|---|---|
| Defendant's Name: | Daniel Binderup |
| Docket Number: | CR-195-97 |

Corruption of Minors

The actor, being of the age of 18 years and upwards, by an act, corrupted, or tended to corrupt the morals of a minor, less than 18 years of age, or who aided, abetted, enticed or encouraged the minor in the commission of any crime, or who knowingly assisted or encouraged such minor in violating his or her parole or any order of court, to wit: actor, during the ages of 41 & 42, had indecent contact and sexual intercourse with ▮▮▮▮▮ while she was 17 years old. The incidents occurred at Binderup's Bake Shop 2027 Miller Road, East Petersburg, PA and ▮▮▮▮▮ residence - ▮▮▮▮▮ East Petersburg, PA. The time period of occurrences was between June 1996 and August 1997.

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of

| | | | | |
|---|---|---|---|---|
| 1. 6301 | a | of the | PA Crimes Code | 1 |
| (Section) | (Subsection) | | (PA Statute) | (counts) |
| 2. _____ | _____ | of the | _____ | _____ |
| (Section) | (Subsection) | | (PA Statute) | (counts) |
| 3. _____ | _____ | of the | _____ | _____ |
| (Section) | (Subsection) | | (PA Statute) | (counts) |
| 4. _____ | _____ | of the | _____ | _____ |
| (Section) | (Subsection) | | (PA Statute) | (counts) |

3. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made. (In order for a warrant of arrest to issue, the attached affidavit of probable cause must be completed and sworn to before the issuing authority.)

4. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. § 4904) relating to unsworn falsification to authorities.

Sep. 30 , 19 97                    _____
                                    (Signature of Affiant)

AND NOW, on this date    SEPTEMBER 30,    , 19 97 , I certify that the complaint has been properly completed and verified. An affidavit of probable cause must be completed in order for a warrant to issue.

02-2-05                                             SEAL

2 App. 114

**POLICE CRIMINAL COMPLAINT**

GINAL

| Defendant's Name: | Daniel Binderup |
| Docket Number: | CR195-97 |

## AFFIDAVIT of PROBABLE CAUSE

1. On September 12, 1997, ▓▓▓▓▓▓▓▓ reported to the Manheim Township Police Department that the time period from the summer of 1996 up until August 1997 she was having sexual relations with Daniel Binderup, her employer at Binderup's Bake Shop. She reported that they had sexual intercourse on many occasions at the Bake Shop and at his home. She also reported that she masturbated Binderup on many occasions at his request at the Bake Shop, her home, and also his home during this time period.

2. ▓▓▓▓▓▓▓ reported that these incidents began sometime around June 1996 when she was 17 years old. She said that they continued up until August 1997. ▓▓▓▓▓'s birthdate is ▓▓▓▓▓▓▓▓. She reported that Binderup's age is 42.

3. On September 14, 1997, Det. Allen Leed interviewed Daniel Binderup. Binderup told Leed that his birthdate is ▓▓▓▓▓▓▓▓. Binderup admitted to Det. Leed that he did have sexual intercourse on many occasions with ▓▓▓▓▓▓▓▓ at his bake shop and also his home. He also admitted that she masturbated him many times at the Bake Shop, her home, and his home. He admitted that he knew that she was under the age of 18.

4. Binderup's Bake Shop is located at 2027 Miller Road, East Petersburg, PA. ▓▓▓▓▓▓▓▓'s home is located at ▓▓▓▓▓▓▓▓, East Petersburg, PA

5. Based upon the above set of facts and circumstances, this affiant is requesting that Daniel Binderup be made to answer the attached criminal complaint charging him with Corruption of Minors.

I, _DET. Allen LEED_____, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_Det. Allen Leed_
(Signature of Affiant)

Sworn to me and subscribed before me this _30TH_ day of _SEPTEMBER_, 19_97_.

_9/30/97_ Date _____, District Justice

My commission expires first Monday of January, _2000_.

**SEAL**

# SENTENCING ORDER

Page ___1___ of ___1___

Dkt. No. *4127-1997*  OTN *F125232-2*

Defendant *DANIEL RICHARD BINDERUP*

Offenses *Corr. of Mars m1*

G.P. __X__  St.____  Plea Agree. __X__  Mod.____

Nolo____  N/Pros.____  ARD____  Sentencing____

Re-sent____  Sum. Appeal____  Other____

Date _7/15/98_

Judge _Allison_

D.A. _Ellison_

Def. Atty. _S. Mecum_

Reporter _Adams_

Clerk _Reed_

---

COUNT:    OFFENSE _Corr of minor m1_         Nol Pros____   Merges with____

Committed:____yr____mo____days____hrs TO____yr____mo____days

☐ Mandatory    Probation/ARD _3_ yr____mo____days    SERVE AT LCP____ SCI____
Sentence       Intermediate Punishment Program____ **see additional sheet

☐ Split        FINE _300_ & Costs          CONC (cc) _____
Sentence       RESTITUTION                  CONS (cs) _____

---

COUNT:    OFFENSE_____         Nol Pros____   Merges with____

Committed:____yr____mo____days____hrs TO____yr____mo____days

☐ Mandatory    Probation/ARD____yr____mo____days    SERVE AT LCP____ SCI____
Sentence       Intermediate Punishment Program____ **see additional sheet

☐ Split        FINE____ & Costs            CONC (cc) _____
Sentence       RESTITUTION                  CONS (cs) _____

---

COUNT:    OFFENSE_____         Nol Pros____   Merges with____

Committed:____yr____mo____days____hrs TO____yr____mo____days

☐ Mandatory    Probation/ARD____yr____mo____days    SERVE AT LCP____ SCI____
Sentence       Intermediate Punishment Program____ **see additional sheet

☐ Split        FINE____ & Costs            CONC (cc) _____
Sentence       RESTITUTION                  CONS (cs) _____

---

COUNT:    OFFENSE_____         Nol Pros____   Merges with____

Committed:____yr____mo____days____hrs TO____yr____mo____days

☐ Mandatory    Probation/ARD____yr____mo____days    SERVE AT LCP____ SCI____
Sentence       Intermediate Punishment Program____ **see additional sheet

☐ Split        FINE____ & Costs            CONC (cc) _____
Sentence       RESTITUTION                  CONS (cs) _____

---

____Impaired Driver Program

____ACT 122 Treatment Imposed

____Motor Vehicle essentially involved

____Drug & Alcohol Eval/Treatment

_X_ Eval. for Spec. Offender Svc./Psych. Eval./Treat.

____Community Service ____ hours

____Pay within ____ yr _18_ mo ____ days

_X_ Restitution to be paid first

* _No contact w/ victim_

____ Credit for time served _____

(Subject to verification)

____ Sent. Deferred to: Date_____ Time____

____ Work Release Approved

____ Parole w/o Pet. Subj. to Beh. _____

____ House Arrest/Elect. Mont. _____

____ Eligible for BOOT CAMP

BY THE COURT:

Prepared by: _D. Reed_
             Clerk

J. ____

## PLEA AGREEMENT

The subscribing parties certify that the following facts are accurate and the plea agreement to be voluntarily and intelligently executed with full knowledge of the maximum possible sentences:

DEFENDANT _Daniel Richard Bindrup_

| TERM & NUMBER | OFFENSES | PLEA (GUILTY OR NOL PROS) |
|---|---|---|
| 1. 4127-97 | Corruption of Minors M-1 | Guilty |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

### AGREED SENTENCE

| OFFENSE | JAIL (a) | PROBATION (b) | FINE | DEFENDANT TO PAY (c) COSTS | REST. |
|---|---|---|---|---|---|
| 1. | | 3 years | $300 | yes | yes |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

SENTENCES TO BE:  CONSECUTIVE _____  CONCURRENT _____

(a) Condition(s) of Parole _____

(b) Condition(s) of Probation _No contact with the victim_ ███  _Counseling as deemed necessary_

(c) Fine(s), costs, restitution to be fully paid within __18__ months.
Payments to be applied to restitution first? _Yes_

DATE SIGNED __7/15/98__        DEFENDANT _Daniel Bindrup_

DEFENSE COUNSEL _____

DISTRICT ATTORNEY _____

PRESENTED TO JUDGE _____        ON _____

ACCEPTED _____        REJECTED _____

2 App. 117

No. 4127                         Term 19 97

# Guilty Plea

Commonwealth

vs.

*Daniel Richard Bradersey*
(Defendant)

*Corruption of Minors H.1*
(Offense)

...........................................................

...........................................................

...........................................................

    I, defendant within named, in the presence of
my counsel, do hereby enter my plea of guilty to
the within information. Further, being advised of
the offense charged in the information and of my
rights, hereby (in open court) consent to proceed
on the within information presented by the at-
torney for the Commonwealth.

*Daniel Bradley*
(Defendant)

Dated: .......... 7/15/98 ..............

Counsel       S.M. MECUM

2 App. 118

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

CRIMINAL

COMMONWEALTH OF PENNSYLVANIA       :

          vs.               :    CRIMINAL NO.   4127 - 1997

DANIEL RICHARD BINDERUP       :

## INSTRUCTIONS

    1. Use this form for all probationary sentences based on a plea agreement and all offenses graded felony of the third degree and misdemeanors of the first, second and third degree, whether or not based on a plea agreement.

    2. The Court will explain the elements of the crimes to which you are pleading guilty and the possible range of sentences and fines.

    3. Complete the answer to every question.

    4. Be sure to sign and date the form on page two.

-------------------------------

## GUILTY PLEA COLLOQUY

      You are present before this Court because you or your lawyer have stated that you wish to plead guilty to some or all of the criminal offenses with which you have been charged.

    1. Can you read, write, speak and understand the English language?   YES

    2. Are you in any way under the influence of alcohol or drugs?   NO

    3. Do you understand that you are here today to enter a plea of guilty to some or all of the criminal charges against you?   YES

    4. Do you understand that you have a right to a trial by jury and by pleading guilty you are giving up that right?   YES

    5. Do you understand that a jury would consist of twelve citizens from Lancaster County, that you and your attorney would participate in the selection of the jury and that in order to convict you, all twelve members of the jury must agree that you are guilty?   YES

6.   Do you understand that you are presumed innocent until proven guilty by the Commonwealth beyond a reasonable doubt?   _Yes_

7.   Do you understand that the Commonwealth must prove each element of each crime beyond a reasonable doubt?  _Yes_

8.   Have you, your lawyer and the District Attorney entered into any negotiated plea agreement?  _Yes_

9.   If the answer to 8 is "yes", do you understand that the judge can reject the plea agreement?  _Yes_

10.   Do you understand that if the judge rejects the plea agreement you will be permitted to withdraw your guilty plea and you will be in the same position as if no agreement had ever taken place?  _Yes_

11.   Do you understand the terms of the plea agreement?  _Yes_

12.   Is it your decision to plead guilty?  _Yes_

13.   Have you been threatened or forced to plead guilty?  _No_

14.   Have any promises been made to you to enter a plea of guilty other than the terms of any plea agreement?  _No_

15.   Do you understand that a guilty plea has the same effect as a conviction by a jury or a judge hearing the case without a jury?  _Yes_

I am voluntarily pleading guilty and signing this Guilty Plea Colloquy.

_7/15/98_
Date

_Daine Bundy_
Defendant

I have reviewed this Guilty Plea Colloquy and the answers with my client.

_Saul M. Wee_
Attorney for Defendant

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA--CRIMINAL

COMMONWEALTH OF PENNSYLVANIA
                    Vs.                          Criminal Action No __4127 -1997_____
            Daniel R. Binderup

        The District Attorney of Lancaster County, by this information charges that on (or
about)____June 1996 between August 1997_____, in said Lancaster County,
            Daniel R. Binderup_____
(who at all times hereafter shall be referred to and called by the name of actor)
        Count 1-
being the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any
minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the
commission of any crime, to wit: actor, during the ages 41 and 42, had indecent contact and
sexual intercourse with ████████████while she was 17 years old, said act hereby corrupting the
morals of this minor child and occurring at Binderup's Bake Shop, and 2027 Miller Road and
████████████████████East Petersburg, PA

All of which is against the Act of Assembly and the peace and dignity of the
Commonwealth of Pennsylvania.

                                        _____
                                        **District Attorney**

        **HE/lf**                       Date _1-8-9 8_____

_____
Information No. _4127-1997_____          CITATION OF STATUTE/S AND SECTIONS
**Commonwealth of Pennsylvania**          Corruption of Minors 18 PS 6301 (a-1) M1

                **vs.**
            Daniel R. Binderup

_____

_____


_____
**Commonwealth's Witnesses:**
Det. Allen Leed, MTPD, (Pros)
████████████████████████E. Petersburg, PA 17520

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL BINDERUP, | ) | Case. No. 5:13-CV-6750-JKG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

DECLARATION OF DANIEL BINDERUP

I, Daniel Binderup, am competent to state and declare the following based on my personal knowledge:

1. I reside in Manheim, Lancaster County, Pennsylvania.

2. I presently intend to purchase and possess a handgun and long gun to defend myself and my family within my own home.

3. I am over the age of 21, am not under indictment, have never been convicted of a felony or misdemeanor crime of domestic violence, am not a fugitive from justice, am not an unlawful user of or addicted to any controlled substance, have never been adjudicated a mental defective or committed to a mental institution, have never been discharged from the Armed Forces under dishonorable conditions, have never renounced my citizenship, and have never been the subject of a restraining order relating to an intimate partner.

4. On July 15, 1998, I was convicted by the Court of Common Pleas of Lancaster County, Pennsylvania, of one count of 18 Pa. C.S.A. § 6301, Corruption of Minors, a first degree misdemeanor. Exhibit A is a true and correct copy of the docket in that case.

1

2 App. 122

5. The charge stemmed from a fully consensual romantic affair that I had conducted with a 17-year-old female employed at my bakery business. No allegations existed that the relationship was anything other than fully consensual.

6. I pled guilty and was sentenced to three years probation, which I successfully completed; and assessed $1,425.70 in costs and $450 in restitution, which I paid. I immediately sold my firearms to a licensed dealer, and my handgun carry license was revoked.

7. I acknowledge that my behavior was wrong. Fortunately, my wife forgave me, and we remain happily married today, in our 40th year together, having successfully raised two children. In 2001, I sold my business, a bakery of 12 years that had employed 8 people. I have since successfully owned and operated my own plumbing business. I have not been convicted of any further offenses.

8. On June 1, 2009, the Court of Common Pleas of Lancaster County, Pennsylvania, granted my petition for removal of disqualification from owning or possessing firearms, pursuant to 18 Pa. C.S.A. § 6105(d). Exhibit B is a true and correct copy of the order in that case.

9. I refrain from obtaining a firearm only because I fear arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should I follow through with my plan to obtain a firearm. I refrain from purchasing a firearm from a private party, because doing so would subject me to arrest, prosecution, fine, and incarceration, at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1).

10. Considering the government's interpretation of federal law, I am unwilling to state on Form 4473 that I have not, in fact, been convicted of a crime punishable by imprisonment for over one year. But should I answer, on Form 4473, that I have been convicted of a crime punishable by imprisonment for over one year, any federal firearms licensee who follows the government's directives would refuse to sell me a firearm.

2

2 App. 123

11. On October 5, 2013, I approached a federal firearms licensee, expressed my desire to purchase a firearm, and inquired as to whether it was possible for me to purchase a firearm considering the fact that I had been convicted of a crime that the federal government would assert is punishable by over a year's imprisonment. The dealer confirmed that I could not purchase a firearm.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March ⊥ , 2014.

Daniel Binderup

3

2 App. 124

# COURT OF COMMON PLEAS OF LANCASTER COUNTY

## DOCKET



Docket Number: CP-36-CR-0004127-1997

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Daniel Richard Binderup

Page 1 of 9

## CASE INFORMATION

Judge Assigned: Allison, Paul K.

OTN: F1252322

Initial Issuing Authority:

Arresting Agency:  Manheim Twp Police Dept

Case Local Number Type(s)

Date Filed: 01/01/1997        Initiation Date: 10/01/1997

Lower Court Docket No: CR00195-97

Final Issuing Authority:

Arresting Officer:  Affiant

Case Local Number(s)

| | |
|---|---|
| Criminal ID# | CR00195-97 |
| Legacy Docket Number | 84475 |
| Legacy Docket Number | 4127CR1997 |

## STATUS INFORMATION

Case Status:    Closed

Status Date
01/01/1997

Processing Status
Migrated Case

Arrest Date:          10/01/1997

Complaint Date:      09/30/1997

## DEFENDANT INFORMATION

Date Of Birth: ~~_____~~           City/State/Zip:  Manheim, PA  17545

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Binderup, Daniel Richard |

## BAIL INFORMATION

**Binderup, Daniel Richard**                                                    Nebbia Status:  None

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 10/01/1997 | Monetary | | $10,000.00 | | |

AOPC 2220 - Rev 11/24/2009                                                                          Printed: 11/24/2009

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

2 App. 125

# COURT OF COMMON PLEAS OF LANCASTER COUNTY

## DOCKET

**Docket Number: CP-36-CR-0004127-1997**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Daniel Richard Binderup

Page 2 of 9

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Date | OTN |
|------|-----------|-------|---------|---------------------|--------------|-----|
| 1 | 1 | | 18 § 6301 §§A | Corruption Of Minors | 06/30/1996 | F1252322 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition |
|---|---|---|
| Sequence/Description | Offense Disposition | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date |
| Sentence Conditions | | |
| Linked Offense - Sentence | Link Type | Linked Docket Number |

**Migrated Disposition**

| Migrated Dispositional Event | 11/25/1997 | Final Disposition |
|---|---|---|
| 1 / Corruption Of Minors | Guilty Plea | 18§6301§§A |
| Allison, Paul K. | 11/25/1997 | |
| Probation | Max of 3.00 Years | 07/15/1998 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

2 App. 126

# COURT OF COMMON PLEAS OF LANCASTER COUNTY

## DOCKET



Docket Number: CP-36-CR-0004127-1997

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Daniel Richard Binderup

Page 3 of 9

## COMMONWEALTH INFORMATION

Name:    Heidi Fisher Eakin, Esq.
     District Attorney
Supreme Court No:    043893
Phone Number(s):
     (717) 299-8100    (Phone)
     (717) 761-2121    (Phone)
     (717) 295-3693    (Fax)
     (717) 761-4031    (Fax)
Address:
     Lancaster Co DA's Office
     50 N Duke Street
     Lancaster PA  17602
Phone Number(s):
     (717) 299-8100    (Phone)
     (717) 761-2121    (Phone)
     (717) 295-3693    (Fax)
     (717) 761-4031    (Fax)
Address:
     Lancaster County District Attorney's Office
     50 North Duke Street
     P.O. Box 83480
     Lancaster PA  17608-3480
Phone Number(s):
     (717) 299-8100    (Phone)
     (717) 761-2121    (Phone)
     (717) 295-3693    (Fax)
     (717) 761-4031    (Fax)
Address:
     PO Box 222
     Lemoyne PA  17043

## ATTORNEY INFORMATION

Name:

Supreme Court No:
Rep. Status:
Phone Number(s):

AOPC 2220 - Rev 11/24/2009

Printed: 11/24/2009

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

2 App. 127

# COURT OF COMMON PLEAS OF LANCASTER COUNTY

## DOCKET



Docket Number: CP-36-CR-0004127-1997

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Daniel Richard Binderup

Page 4 of 9

## ENTRIES

| Sequence Number | CP Filed Date | Document Date |
|---|---|---|
| 1 | 01/01/1997 | |
| Original Papers Received from Lower Court | | |
| | | Unknown Filer |
| 1 | 11/25/1997 | |
| Migrated Disposition | | |
| Migrated Automatic Registry Entry (Disposition) Text | | |
| | | Migrated, Filer |
| 2 | 11/25/1997 | |
| Migrated Sentence | | |
| Migrated Sentence | | |
| | | Migrated, Filer |
| 1 | 12/11/1997 | |
| CRIMINAL COMPLAINT | | |
| CRIMINAL COMPLAINT | | |
| 1 | 01/08/1998 | |
| INFORMATION FILED | | |
| INFORMATION FILED | | |
| 1 | 01/14/1998 | |
| WAIVER OF ARRAIGNMENT | | |
| WAIVER OF ARRAIGNMENT | | |
| 1 | 07/15/1998 | |
| GUILTY PLEA & PLEA AGREEMENT ACCPTD | | |
| GUILTY PLEA & PLEA AGREEMENT ACCPTD BY CT | | |
| | | Allison, Paul K. |

AOPC 2220 - Rev 11/24/2009

Printed: 11/24/2009

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

2 App. 128

# COURT OF COMMON PLEAS OF LANCASTER COUNTY

## DOCKET



Docket Number: CP-36-CR-0004127-1997

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Daniel Richard Binderup

Page 5 of 9

## CASE FINANCIAL INFORMATION

Last Payment Date:                                                          Total of Last Payment:  $0.00

**Binderup, Daniel Richard**
Defendant

| | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Conversion State (Lancaster) | $96.14 | $0.00 | -$96.14 | $0.00 | $0.00 |
| Conversion County - 6411AB1211 (Lancaster) | $360.52 | $0.00 | -$360.52 | $0.00 | $0.00 |
| Conversion Local (Lancaster) | $24.04 | $0.00 | -$24.04 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| Adult Probation Admin Fee - 6594AAB1126 (Lan) | $10.00 | $0.00 | -$10.00 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| Adult Probation Admin Fee - 6594AAB1126 (Lan) | $10.00 | $0.00 | -$10.00 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| Adult Probation Admin Fee - 6594AAB1126 (Lan) | $10.00 | $0.00 | -$10.00 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

2 App. 129

# COURT OF COMMON PLEAS OF LANCASTER COUNTY

## DOCKET



Docket Number: CP-36-CR-0004127-1997

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Daniel Richard Binderup

Page 6 of 9

## CASE FINANCIAL INFORMATION

| Binderup, Daniel Richard<br>Defendant | Assessment | Payments | Adjustments | Non Monetary<br>Payments | Total |
|---|---|---|---|---|---|
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| Adult Probation Admin Fee -<br>6594AAB1126 (Lan) | $10.00 | $0.00 | -$10.00 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-<br>6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |

Printed: 11/24/2009

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

2 App. 130

# COURT OF COMMON PLEAS OF LANCASTER COUNTY

## DOCKET



Docket Number: CP-36-CR-0004127-1997

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Daniel Richard Binderup

Page 7 of 9

## CASE FINANCIAL INFORMATION

| Binderup, Daniel Richard Defendant | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| Adult Probation Admin Fee - 6594AAB1126 (Lan) | $10.00 | $0.00 | -$10.00 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| Adult Probation Admin Fee - 6594AAB1126 (Lan) | $10.00 | $0.00 | -$10.00 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |

AOPC 2220 - Rev 11/24/2009

Printed: 11/24/2009

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LANCASTER COUNTY

## DOCKET



Docket Number: CP-36-CR-0004127-1997

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Daniel Richard Binderup

Page 8 of 9

## CASE FINANCIAL INFORMATION

**Binderup, Daniel Richard**
  Defendant

| | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| Adult Probation Admin Fee - 6594AAB1126 (Lan) | $10.00 | $0.00 | -$10.00 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)- 6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |

AOPC 2220 - Rev 11/24/2009

Printed: 11/24/2009

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

2 App. 132

# COURT OF COMMON PLEAS OF LANCASTER COUNTY

## DOCKET



Docket Number: CP-36-CR-0004127-1997

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Daniel Richard Binderup

Page 9 of 9

## CASE FINANCIAL INFORMATION

| Binderup, Daniel Richard Defendant | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| OSP (Lan/State) (Act 35 of 1991)-6557AAB1126 | $12.50 | $0.00 | -$12.50 | $0.00 | $0.00 |
| Costs/Fees Totals: | $1,425.70 | $0.00 | -$1,425.70 | $0.00 | $0.00 |
| **Restitution** | | | | | |
| Restitution | $450.00 | $0.00 | -$450.00 | $0.00 | $0.00 |
| Restitution Totals: | $450.00 | $0.00 | -$450.00 | $0.00 | $0.00 |
| Grand Totals: | $1,875.70 | $0.00 | -$1,875.70 | $0.00 | $0.00 |

\*\* - Indicates assessment is subrogated

AOPC 2220 - Rev 11/24/2009

Printed: 11/24/2009

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

2 App. 133

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

DANIEL BINDERUP

vs.

RESTORATION OF
FIREARM RIGHTS

Misc.
Docket No. MD 314-2009
C.P.J. 7 pg. 112

## ORDER

AND NOW, this 1st day of June, 2009, upon hearing with all parties present and

agreement reached between the Commonwealth and Petitioner, the Court hereby ORDERS and

DIRECTS as follows:

1. The Court determines that Petitioner is eligible for relief under 18 Pa.C.S. § 6105 (d);

2. The disability imposed under 18 Pa.C.S. § 6105 (b) as a result of a July 15, 1998
conviction for Corruption of Minors is hereby lifted;

3. Petitioner's firearms right to possess, use, control, sell, transfer or manufacture under
the laws of the Commonwealth of Pennsylvania is hereby granted; and

4. This relief does not exempt Petitioner from any federal statutes or restrictions.

BY THE COURT:

HOWARD F. KNISELY
JUDGE

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts

Ryan P. Aument
Clerk of the Courts

To:
Karl E. Rominger, Esq., 155 South Hanover St., Carlisle, PA 17013
Pennsylvania State Police Commission, 800 Bretz Dr., Harrisburg, PA 17112
Brian Chudzik, Assistant District Attorney

2 App. 134

```
 1              UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF PENNSYLVANIA (ALLENTOWN)
 2
    DANIEL BINDERUP,              ) Case No:
 3            Plaintiff,          ) 5:13-cv-06750-JKG
         vs.                      )
 4  ERIC H. HOLDER, JR., Attorney )
    General of the United States, )
 5  and B. TODD JONES, Director of )
    the Bureau of Alcohol, Tobacco,)
 6  Firearms, and Explosives,     ) June 16, 2014
              Defendants.         ) 10:08 a.m.
 7
                 TRANSCRIPT OF MOTIONS HEARING
 8        BEFORE THE HONORABLE JAMES KNOLL GARDNER
                 UNITED STATES DISTRICT JUDGE
 9
    APPEARANCES:
10
    For Plaintiff:       ALAN GURA, ESQUIRE
11                       GURA & POSSESSKY, PLLC
                         105 Oronoco Street, Suite 305
12                       Alexandria, VA 22314
                         (703) 835-9085
13                       alan@gurapossessky.com

14                       DOUGLAS T. GOULD, ESQUIRE
                         THE LAW OFFICES OF DOUGLAS GOULD
15                       925 Glenbrook Avenue
                         Bryn Mawr, PA 19010
16                       (610) 520-6181
                         dgould@gouldlawpa.com
17

18

19

20
21  (Proceedings recorded by electronic sound recording,
    transcript produced by transcription service.)
22
23        VERITEXT NATIONAL COURT REPORTING COMPANY
                   MID-ATLANTIC REGION
24        1801 Market Street - Suite 1800
                 Philadelphia, PA  19103
25               (888) 777-6690
```

2 App. 135

```
 1    APPEARANCES (continued):

 2    For Defendants:      DANIEL RIESS, ESQUIRE
                           U.S. DEPT OF JUSTICE
 3                         Room 6122
                           20 Massachusetts Avenue NW
 4                         Washington, DC 20001
                           (202) 353-3098
 5                         daniel.riess@usdoj.gov

 6                         LESLEY FARBY, ESQUIRE
                           U.S. DEPT OF JUSTICE CIVIL DIVISION
 7                         Room 7220
                           20 Massachusetts Avenue NW
 8                         Washington, DC 20530
                           (202) 514-3481
 9                         lesley.farby@usdoj.gov

10    ESR OPERATOR:        JENNIFER FITZKO

11    TRANSCRIBER:         JUDI Y. OLSEN, RPR

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

2 App. 136

1                        I N D E X

2                                                PAGE

3    COLLOQUY                                    4, 47

4    ARGUMENT
        By Mr. Riess                             9, 42
5       By Mr. Gura                              26

6

7

8

9

10                    E X H I B I T S

11   NUMBER     DESCRIPTION          MARKED   ADMITTED

12    (None marked.)

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          -   -   -

2                    ESR OPERATOR:  All rise.  The United

3     States District Court for the Eastern District of

4     Pennsylvania is now in session.  The Honorable James

5     Knoll Gardner presiding.  Please be seated.

6                    THE COURT:  Good morning, ladies and

7     gentlemen.

8                    MULTIPLE SPEAKERS:  Good morning, Your

9     Honor.

10                         -   -   -

11                    (Pause)

12                         -   -   -

13                    THE COURT:  I want to apologize for the

14    delay in getting started this morning.  My 8:45

15    status conference in another case took considerably

16    longer than anticipated, and I thank you for your

17    patience.

18                    The matter before the court this morning

19    are cross motions in the case of Daniel Binderup

20    versus Eric H. Holder, Jr. and B. Todd Jones, the

21    Attorney General of the United States and the

22    director of the Bureau of Alcohol, Tobacco, Firearms

23    and Explosives, respectively.  The Case Number is

24    13-cv-06750.

25                    The case is before the court for

2 App. 138

Page 5

1    argument, as I said, on defendants' motion to dismiss

2    or for summary judgment, filed February 20, 2014, and

3    for plaintiff's motion for summary judgment, filed

4    March 10, 2014.  And, of course, there were responses

5    filed to each of the motions by the opponent.

6              I note the presence for plaintiff of

7    Alan Gura, Esquire.

8              MR. GURA:  Good morning, Your Honor.

9              THE COURT:  Good morning, Mr. Gura.

10             And Douglas T. Gould, Esquire.

11             MR. GOULD:  Good morning, Your Honor.

12             THE COURT:  Good morning, Attorney

13   Gould.

14             Mr. Gura, which one of you will be

15   arguing this morning for plaintiff?

16             MR. GURA:  Your Honor, I'll be arguing.

17   And I should note for the record the plaintiff is

18   present in the courtroom.

19             THE COURT:  All right.  Where is

20   Mr. Binderup?

21             MR. BINDERUP:  Right here, Your Honor.

22             THE COURT:  Good morning, Mr. Binderup.

23   You may be seated.  Thank you.

24             I note the presence for defendant of

25   Daniel Riess.

Page 6

1                    MR. RIESS:  Yes, Your Honor.

2                    THE COURT:  Am I pronouncing your name

3    correctly, Attorney Riess?

4                    MR. RIESS:  You are, Your Honor.  Good

5    morning.

6                    THE COURT:  And, also, Attorney Lindsey

7    Farby.

8                    MS. FARBY:  Leslie Farby, Your Honor.

9                    THE COURT:  Leslie.  I am sorry.  Yes,

10   it says Leslie.  I don't know why I read Lindsey.

11   Leslie Farby.  Good morning, Attorney Farby.

12                   MS. FARBY:  Good morning.

13                   THE COURT:  And, Mr. Riess, who will be

14   lead -- who will be the counsel arguing for defendant

15   this morning?

16                   MR. RIESS:  I will, Your Honor.

17                   THE COURT:  All right.  Very well.

18                   Now, we've got cross motions here, as I

19   indicated.  I suggest that what would be the most

20   expedient and efficient would be for us to have one

21   joint argument from each counsel rather than -- for a

22   total of two, rather than two separate arguments,

23   which would result in hearing four oral arguments

24   this morning rather than two.

25                   And I propose, for no other reason that

1    the defendants' motion was filed earlier than the

2    plaintiff's motion, that the defendant argue first

3    and that Mr. Riess, in his oral argument, argues on

4    the offense in support of defendants' motion to

5    dismiss and -- or for summary judgment and on the

6    defense contra plaintiff's motion for summary

7    judgment as part of one unified argument, followed by

8    plaintiff doing the same thing in reverse, arguing on

9    the offense in support of his motion for summary

10   judgment and defending against defendants' motion to

11   dismiss or for summary judgment in one unified

12   plaintiff's oral argument.

13                Is that procedure satisfactory to the

14   defendants, Mr. Riess?

15                MR. RIESS:  Yes, it is, Your Honor.

16                THE COURT:  Is that procedure

17   satisfactory to the plaintiffs, Mr. Gura?

18                MR. GURA:  Yes, Your Honor.

19                THE COURT:  All right.  Now, Mr. Riess,

20   how much time would you like to have for your joint

21   argument?

22                MR. RIESS:  Do I understand correctly

23   that the limit is 20 minutes, Your Honor?

24                THE COURT:  That's what it says in my

25   policies and procedures, but every rule has its

Page 8

1    exceptions.  I want to know what your wish list is

2    before I shoot you down.  No, no, just a little lame

3    effort at some judicial humor.

4              No.  Tell me how much time you think

5    would be reasonable but not excessive to handle both

6    matters in one argument.

7              MR. RIESS:  I think I could -- I think

8    no more than 25 minutes should be fine.

9              THE COURT:  All right.  And the same

10   question for you, Mr. Gura.  How much time would you

11   like to have to argue sides of your coin in your

12   argument?

13             MR. GURA:  No more than 25 should

14   suffice, Your Honor.  If it's less than that, then

15   all the better.

16             THE COURT:  All right.  We'll give each

17   of you 25 minutes and -- and defendant will go first,

18   as I said.  Plaintiff will go second.

19             And there will be no rebuttal or

20   surrebuttal arguments unless I invite or direct it or

21   invite [sic] it or allow it.  But those, I think, are

22   all four of the theoretical possibilities.  But if I

23   do permit rebuttal and surrebuttal arguments, we'll

24   set additional time deadlines for those, and they

25   won't be against your 25 minutes.

1           I'll be the timekeeper.  At the end of

2    the 25 minutes, if either of you is still talking,

3    I'll wait a minute or so and then politely remind you

4    that your time is up and ask you to conclude.  And

5    then I'll wait another minute or so.  And if either

6    of you are still talking, I'll direct you to sit

7    down.

8           Is that procedure satisfactory to the

9    plaintiff?

10           MR. GURA:  Yes, Your Honor.

11           THE COURT:  Is that satisfactory to the

12    defense?

13           MR. RIESS:  Yes, Your Honor.

14           THE COURT:  All right.  Then I think

15    that takes care of all the housekeeping details.

16    Mr. Riess, you may approach the podium and make your

17    argument.

18           MR. RIESS:  Thank you, Your Honor.  And

19    may it please the court.

20           THE COURT:  Mr. Riess.

21           MR. RIESS:  18 U.S.C. 922(g)(1)

22    prohibits firearms possession by persons convicted of

23    a crime punishable by a term of imprisonment that

24    exceeds one year.

25           Courts have uniformly upheld this law as

1    constitutional, including as applied to offenders

2    whose crimes were not inherently violent in nature.

3           It is similarly constitutional as

4    applied to plaintiff, who engaged in predatory sexual

5    contact with a teenaged employee 25 years his junior

6    and was convicted of corruption of a minor,

7    punishable by up to five years in prison.

8           The court should decline plaintiff's

9    invitation today to be the first court to hold

10   922(g)(1) unconstitutional as applied.

11          Now, my plan today is to respond to the

12   two counts in plaintiff's Complaint; first, the

13   statutory question, Count 1, and then the

14   constitutional question, Count 2.

15          In Count 1, plaintiff claims that

16   Section 922(g)(1) doesn't prohibit him from

17   possessing firearms.  Now, that claim is barred by

18   Third Circuit precedent.

19          Plaintiffs ask the court to adopt a

20   statutory reading of (g)(1) that's at odds with the

21   Third Circuit's decision in U.S. v. Essig.  That

22   case, the criminal defendant had been convicted of

23   the very same corruption of minor statute that

24   plaintiff's been convicted of and had also received

25   probation, like plaintiff.

Page 11

1           The Third Circuit held that (g)(1)

2   prohibited Essig's possession of a firearm because,

3   quote, his state conviction is punishable by

4   imprisonment of up to five years.

5           Essig forecloses plaintiff's argument

6   supporting Count 1 of the Complaint.  It is also

7   contrary to holdings by the D.C. Circuit in Schrader,

8   by the Fourth Circuit sitting in Banks and Coleman,

9   to the legislative history of the statute, and it is

10  contrary to the maxim that Congress doesn't hide

11  elephants in mouse holes, as was mentioned in one

12  case.

13          Now, as to Count 2, which claims that

14  the law is unconstitutional as applied to plaintiff,

15  that claim has no merit regardless of whether the

16  court follows the Third Circuit's decision in Barton

17  or whether it evaluates the law under means-end

18  scrutiny as in Marzzarella.

19          My plan is to discuss why plaintiff

20  doesn't succeed under Barton and then very briefly to

21  explain why, for similar reasons, he doesn't succeed

22  under the Marzzarella standard.

23          Now, Barton upheld (g)(1) as

24  constitutional both on its face and as applied to

25  Mr. Barton.  It left the door open to the possibility

1   of an as-applied challenge.  Someone might be able to

2   succeed, but then again, he/she might not.

3              Barton says, quote, to raise a

4   successful as-applied challenge, Barton must present

5   facts about himself and his background that

6   distinguish his circumstances from those of persons

7   historically barred from Second Amendment

8   protections, and then gave two possible examples.

9              For instance, a felon convicted of a

10  minor nonviolent crime might show he's no more

11  dangerous than a typical law-abiding citizen.

12  Similarly, a court might find a felon whose crime of

13  conviction is decades old poses no continuing threat

14  to society.

15             However, the Third Circuit said Barton

16  has failed to demonstrate that his circumstances

17  place him outside the intended scope of (g)(1) and,

18  thus, upheld the statute as applied.

19             The burden is on plaintiff under Barton

20  to show his circumstances place him outside the

21  intended scope of (g)(1).  He has not met that burden

22  for five reasons.

23             First, courts, since the landmark

24  decision of the Supreme Court in D.C. v. Heller, have

25  uniformly upheld 922(g)(1) as constitutional even as

2 App. 146

1   applied to offenders whose crimes weren't necessarily

2   violent in nature.

3            The Fourth Circuit in the Pruess case

4   said, quote, our sister circuits have consistently

5   upheld applications of (g)(1) even to nonviolent

6   felons.

7            That includes offenses such as failure

8   to pay child support, mail fraud, theft of government

9   property.  And since the filing of our briefs, the

10  Northern District of Texas also upheld (g)(1) as

11  applied to mail fraud.  The case is 2014 Westlaw

12  2445788.

13           Now, the Fourth Circuit in Pruess itself

14  cited a number of examples, including Barton itself.

15  Barton was only convicted of a prior drug conviction

16  and receipt of stolen property.  It also cited

17  Rozier, an Eleventh Circuit case where the felon had

18  only prior drug convictions, and similar examples

19  from the Ninth Circuit and supporting language from

20  the Fifth through Seventh Circuits.

21           And then there is Dutton, where the

22  Third Circuit upheld a determination by this court

23  that the Second Amendment -- a Second Amendment

24  challenge to (g)(1) would fail as applied to an

25  offender convicted of two first-degree misdemeanors

Page 14

1   under Pennsylvania law; namely, carrying a firearm on

2   a public street and carrying a firearm without a

3   license.

4                THE COURT:  Which -- what degree

5   misdemeanors were those two under Pennsylvania law?

6                MR. RIESS:  I beg your pardon, Your

7   Honor?

8                THE COURT:  The two that you just cited

9   about the firearms under Pennsylvania law, what

10  degree misdemeanors did you say they were under

11  Pennsylvania law?

12               MR. RIESS:  First-degree misdemeanors.

13               THE COURT:  Both were first degree?

14               MR. RIESS:  Yes, Your Honor.

15               THE COURT:  And, again, what were those

16  two firearms offenses?

17               MR. RIESS:  Carrying a firearm on a

18  public street and carrying a firearm without a

19  license.

20               THE COURT:  Okay.

21               MR. RIESS:  On the two that the -- there

22  was no indication in the case history that the --

23  Mr. Dutton intended to use the weapons or that it was

24  an inherently violent crime.

25               Second -- the second reason why

1  plaintiff has not met his burden is that underlying

2  the federal gun prohibitors is a reasonable concern

3  that people who have shown a lack of good judgment

4  and inability to control themselves should not be

5  entrusted with the responsibilities of possessing a

6  firearm.

7           That's not just (g)(1).  There's also

8  (g)(3), which bars unlawful users of or persons

9  addicted to controlled substances; (g)(6), persons

10  who are dishonorably discharged.  Past serious

11  criminal behavior goes along with this.

12           So let's look at the crime here.  It's

13  premised on the fact that there is a power imbalance

14  between adults and underage persons.  The law says

15  that underage persons cannot legally consent because

16  there's an inherently coercive nature of that power

17  imbalance.

18           Now, that is especially the case if the

19  adult is in a position of trust, like an employer.

20  The Pennsylvania Superior Court in the Decker case

21  recognized, quote, it requires no stretch of reason

22  to understand an immature female can easily be

23  seduced or mentally overpowered by an adult to engage

24  in a large range of activity, the consequences of

25  which she neither understands nor which she's capable

Page 16

1    of dealing and which can have long-range, if not

2    permanent, adverse effects.

3              Now, here, we had a 41-year-old employer

4    and a teenaged employee.  Plaintiff knew that the

5    employee was underage and, thus, that at the time,

6    his conduct was criminal.  Despite that, he continued

7    his conduct for a period of 14 months.  This was not

8    just a single instance of a lapse of judgment.

9              And this ties back to the core of the

10   Second Amendment, which, as stated in Heller, is,

11   quote, the right of law-abiding, responsible citizens

12   to use arms in defense of hearth and home.

13             THE COURT:  I'm sorry.  Just a minute.

14             Did you now move to the third reason why

15   plaintiff has not satisfied his burden?

16             MR. RIESS:  About to.

17             THE COURT:  Okay.  I misunderstood.  So

18   you can finish up what you were trying to tell me

19   about the second one.

20             MR. RIESS:  Okay.  Sure, Your Honor.

21   It's just that it's reasonable to conclude that

22   someone who has displayed a long-term inability to

23   control his criminal behavior to the point of

24   criminal misjudgment is not a law-abiding,

25   responsible person, as described in Heller, who can

1  be entrusted with the use of a firearm.

2           Now as to the third point, the mere fact

3  that Pennsylvania characterizes this crime as a

4  first-degree misdemeanor doesn't suggest it's a minor

5  crime.  It's punishable by up to five years in

6  prison.  Plus, as we noted in our briefs, Congress

7  specifically considered and then rejected applying

8  (g)(1)'s prohibition only to certain crimes labeled

9  by states as felonies, with good reason.

10          As the Supreme Court's explained, while

11  at common law there is a huge distinction, the

12  modern-day distinction between misdemeanors and

13  felonies is, quote, minor and often arbitrary given

14  that numerous misdemeanors involve conduct that's

15  more dangerous than many felonies.

16          That's true in Pennsylvania.  Other

17  first-degree misdemeanors include involuntary

18  manslaughter, negligent homicide while hunting,

19  throwing a fire bomb into an occupied vehicle.  All

20  this is just to say, this was a serious offense.

21          Fourth, just because plaintiff has not

22  been convicted of another crime in the years since

23  his 1998 conviction, that doesn't distinguish him any

24  more than it did Mr. Dutton or Mr. Barton, both of

25  which as to whom 922(g)(1) was upheld as

1    constitutional.

2              THE COURT:  I'm sorry.  I didn't get

3    your fourth point.  What are you saying?  Just

4    because what?

5              MR. RIESS:  Just because plaintiff

6    hasn't been convicted of another crime in the years

7    since his conviction in 1998, that doesn't

8    distinguish him from Dutton or Barton, where (g)(1)

9    was upheld.

10             Dutton was decided in 2012, and the

11   plaintiff there had been convicted in 1995.  Barton

12   was decided in 2011, and he had been convicted in

13   1993 and 1995, respectively.  So the simple lapse of

14   time didn't matter to the Third Circuit in those

15   cases and should not matter here to distinguish --

16             THE COURT:  What was the date of the

17   conviction in Dutton?

18             MR. RIESS:  In Dutton, the conviction

19   was 1995.

20             THE COURT:  And were both cases decided

21   in 2012, or was Barton decided in 2013?

22             MR. RIESS:  Barton was decided in 2011.

23             THE COURT:  Oh, 2011.  Okay.

24             MR. RIESS:  Yes.

25             THE COURT:  All right.

1              MR. RIESS:  First, Your Honor, in a

2    Second Amendment case, the -- the Drake case, the

3    Third Circuit has held, when we review the

4    constitutionality of statutes, courts accord

5    substantial deference to the legislators' predictive

6    judgments.  And those predictive judgments

7    demonstrate the reasonableness of (g)(1)'s

8    application here.

9              The Supreme Court in Huddleston said,

10   the principal purpose of federal gun control

11   legislation was to curb crime by keeping firearms out

12   of the hands of those not legally entitled to possess

13   them because of, among other things, criminal

14   background.  That's the Huddleston case.

15              And in the Dickerson case, the Supreme

16   Court explained that in order to accomplish this

17   goal, Congress obviously determined firearms must be

18   kept away from persons such as those convicted of

19   serious crimes who might be expected to misuse them.

20              THE COURT:  What case did you just cite?

21              MR. RIESS:  Huddleston.

22              THE COURT:  No, I got Huddleston.

23   What's the second one you -- you recited?

24              MR. RIESS:  Dickerson.

25              THE COURT:  Dickerson.  Thank you.

1             MR. RIESS:  And, lastly, in the

2      Dickerson case, it also stated Congress's intent in

3      enacting 922(g) was to keep firearms out of the hands

4      of presumptively risky persons.

5             So taking all this, when it enacted

6      (g)(1), Congress found the misuse of firearms by

7      persons that are convicted of serious crimes,

8      regardless of whether they're labeled misdemeanors or

9      felonies by the state in which the crime occurred, is

10     a serious problem.

11            It also specifically found restricting

12     firearms possession by persons that are already

13     convicted of these offenses would help reduce crime.

14            Now, under the Third Circuit's decision

15     in Drake, those are predictive judgments that receive

16     substantial deference here.

17            Finally, we'd just like to point out the

18     burden is not on us under Barton.  It's on plaintiff.

19     Now, regardless of that, we've submitted empirical

20     evidence linking persons convicted of sexual

21     misconduct crimes with a higher rate of recidivism

22     than the general population.

23            We've submitted five empirical studies

24     showing that persons convicted of sexual misconduct

25     crimes, as a class, are much more likely --

2 App. 154

Page 21

 1                    THE COURT:  Now, you say, "We've
 2    submitted."  This is not a hearing.  This is an
 3    argument.  In what fashion did you get anything on
 4    the record of a factual nature?
 5                    MR. RIESS:  We submitted those as
 6    exhibits to our motion to dismiss for summary
 7    judgment.
 8                    THE COURT:  All right.  Go ahead.
 9                    MR. RIESS:  I just point out that the
10    most pertinent of those was an Illinois study showing
11    that 37 percent of sex offender arrestees -- not just
12    those who had served jail times, but arrestees --
13    over a seven-year period whose victims, like
14    plaintiff, were between 13 and 18 years of age, were
15    rearrested within five years.
16                    And, also, a Delaware study, in which
17    73 percent of statutory rapists, which is defined as
18    sexual activity with the victim's consent but that
19    the victim was too young to legally consent, who were
20    released from prison were rearrested for a new felony
21    or misdemeanor within three years, 46 percent of
22    those for a new felony offense.
23                    THE COURT:  What study is that one?
24                    MR. RIESS:  That was a study from the
25    state of Delaware.

1           THE COURT:  Tell me again what

2   percentages you were talking about in the Delaware

3   study.  46 percent of what?

4           MR. RIESS:  46 percent of persons who

5   had been convicted of statutory rape, which was

6   defined by the study as sexual activity with the

7   victim's consent but the victim was too young to

8   legally consent, who were released from prison were

9   rearrested for a felony offense within three years.

10          THE COURT:  And was there some other

11  percentage figure in another category in the Delaware

12  study?

13          MR. RIESS:  Yes.  73 percent were

14  arrested for either a new felony or a misdemeanor

15  within three years.

16          THE COURT:  Okay.

17          MR. RIESS:  And so, Your Honor, for

18  these five reasons, under the factual circumstances

19  of this case, there is no question that Section

20  922(g)(1) is constitutionally applied to plaintiff.

21  Plaintiff hasn't met his burden to show otherwise.

22          Now, very last, I'd like to turn very

23  briefly to the standard under the Marzzarella case in

24  case that is the standard that controls here.

25          In that case, the Third Circuit set out

1  a general analysis for analyzing Second Amendment

2  challenges.  It said, first, we look to whether the

3  law burdens conduct within the scope of the Second

4  Amendment's guarantee.  If it does, we evaluate the

5  law under some form of means-end scrutiny.  If it

6  passes muster, it's constitutional; if it doesn't,

7  it's not.

8           Now, here, even if 922(g)(1) did burden

9  conduct within the Second Amendment scope, which we

10 do not concede, at most, intermediate scrutiny

11 applies.  Plaintiff has cited no case that applies

12 strict scrutiny in an as-applied challenge, and it

13 wouldn't make sense to apply strict because we're

14 outside the core right identified in Heller dealing

15 with law-abiding, responsible citizens.

16          Now, under that standard, plaintiff's

17 challenge fails because there's at least a reasonable

18 fit between applying (g)(1) to a person convicted of

19 plaintiff's crime and the compelling government

20 interest in protecting public safety and combatting

21 crime.

22          The Supreme Court in Salerno has said

23 that the government's general interest in preventing

24 crime is compelling.  We've already discussed the

25 predictive judgments of Congress as to which, under

Page 24

1    Drake, court's must afford deference to.  And,

2    moreover, the fit here is reasonable.

3              (g)(1) applies to a person who's been

4    convicted of a crime that's punishable by

5    imprisonment for more than one year.  It doesn't

6    apply if the offense is a state misdemeanor only

7    punishable by two years or less imprisonment.

8              It doesn't apply to certain antitrust or

9    unfair trade practices offenses or any conviction

10   that's been expunged, set aside, or for which a

11   person has been pardoned or had civil rights

12   restored, unless those statements provide that the

13   person may not possess firearms.

14             As mentioned earlier, we've submitted a

15   number of empirical studies showing that convicted

16   offenders, as a group, including those convicted of

17   crimes that didn't involve violence, present a

18   significant risk of recidivism for crime.

19             So if the Marzzarella test were to

20   apply, we've shown a reasonable fit between (g)(1),

21   as applied to persons convicted of crimes like

22   plaintiff's, and the government's interest in

23   protecting public safety and reducing crime.  So the

24   law passes muster under immediate scrutiny, as in the

25   D.C. Circuit Schrader case.

1           In conclusion, Your Honor, plaintiff's

2    statutory claim is foreclosed by binding precedent.

3    That binding precedent was not overturned implicitly

4    by Heller, as plaintiff claims, because the Third

5    Circuit precedent only discussed statutory arguments.

6    It did not discuss the Second Amendment.  And so it

7    was not overturned in the Heller case.

8           As for the constitutional claim, rights,

9    even constitutional rights, come with

10   responsibilities, and the core of the Second

11   Amendment is its protection of the rights of

12   law-abiding, responsible citizens.

13           922(g)(1) has repeatedly been held

14   constitutional as applies to offenses that were not

15   inherently violent in nature; mail fraud, receiving

16   stolen property.  It is constitutional as applied to

17   the crime that plaintiff committed, which

18   demonstrates a severe lack of judgment and

19   self-control over an extended period of time and is

20   punishable by up to five years in prison.

21           We would ask the court grant our motion

22   to dismiss or enter summary judgment for the

23   defendants.

24           Thank you, Your Honor.

25           THE COURT:  Okay.  Thank you.

1          All right.  Mr. Gura, you may approach

2    the podium and make plaintiff's argument.

3               MR. GURA:  Thank you, Your Honor.

4          It's important to begin every case with

5    an examination of what it is that the plaintiff

6    actually claims, and only then do we apply the law,

7    beginning with those rules that are either fixed by

8    statute or precedent, whether either side or the

9    court believes them to be the most optimal.

10          So let's clarify what it is exactly that

11   Mr. Binderup is claiming here and what he is not

12   claiming.

13          First, there is no claim in this case

14   that the length of the Binderup sentence determines

15   the outcome of this -- of the application of Section

16   922(g)(1).  There was some argument to that effect in

17   the government's brief, but that simply is a

18   misreading of the Complaint.

19          Second, there is no official challenge

20   here to Section 922(g)(1).  There is no categorical

21   challenge to Section 922(g)(1) either.  There is no

22   claim that the statute is overbroad.  There is no

23   claim that the statute is unconstitutional with

24   respect to all misdemeanors or all violent --

25   nonviolent misdemeanors or even all violations of

1   this particular Pennsylvania statute.

2              Accordingly, while the discussion of

3   cases such as Salerno and Huddleston and Dickerson is

4   well taken, it's also completely irrelevant.

5              Also irrelevant is Congress's predictive

6   judgment about the utility and benefits of applying

7   Section 922(g)(1) generally to misdemeanors.  The

8   Congress made no predictive judgments about

9   Mr. Binderup, and Mr. Binderup's personal

10  circumstances are the only things that are here at

11  issue.

12             Barton thus controls, and in that case,

13  the government conceded something that the Third

14  Circuit accepted which is far too late to take back

15  now.  And I know that the court has probably read

16  Barton and will probably do so again, but if the

17  court will indulge me, I think it's useful to frame

18  the argument by focusing on Barton's language.

19             To quote, the government conceded that

20  Heller's statement regarding the presumptive validity

21  of felon gun disposition statutes does not foreclose

22  an as-applied challenge.  By describing the felony

23  disarmament ban as presumptively lawful, the Supreme

24  Court implied that the presumption may be rebutted,

25  close quote.

1          Now, how does that happen?  What

2   guidepost did the Third Circuit give this court in

3   evaluating such a challenge?  There was no means-end

4   scrutiny, there was no intermediate scrutiny applied,

5   which should not be surprising for two reasons.

6          First, there was no means-end

7   scrutiny -- intermediate, strict, or otherwise -- in

8   Heller itself, which is a shining example of how

9   sometimes laws are simply invalid for conflicting

10   with the Second Amendment's guarantee.  That is not

11   the issue that we have here today.

12          The second reason for the Third

13   Circuit's refusal or lack of interest in applying the

14   Marzzarella balancing test in Barton is as follows:

15   It simply does not make sense.

16          We are not dealing with how the law

17   generally fits the government's interest.  We are

18   asking whether there is a government interest

19   extending to the particular plaintiff.  Again,

20   Congress has made no predictive judgment regarding

21   this particular person, however beneficial or useful

22   that law is generally applied.

23          And so the Third Circuit told us that

24   the following factors are to be considered.  Quoting

25   again, to raise a successful as-applied challenge,

1    Barton -- and here, I suppose, Binderup -- must

2    present facts about himself and his background to

3    distinguish the -- his circumstances from those of

4    persons historically barred from Second Amendment

5    protections.  For instance, a felon convicted of a

6    minor nonviolent crime might show that he is no more

7    dangerous than a typical law-abiding citizen.

8    Similarly, a court might find that a felon whose

9    crime of conviction is decades old poses no

10   continuing threat to society.

11            Again, the key word there is

12   "historically," and the rule of Barton is that a

13   plaintiff prevails when he is, quote, no more

14   dangerous than a typical law-abiding citizen and,

15   quote, poses no continuing threat to society.

16            In the government's combined response,

17   page 10 provides -- and I'm quoting here from the

18   government's brief -- if anything, Barton actually

19   shows that plaintiff is categorically excluded from

20   the Second Amendment's protection.

21            This is simply not what Barton stands

22   for.  Barton goes on at length to show that there are

23   as-applied challenges, and it gives us guideposts as

24   to how to determine them.

25            In Barton, the Third Circuit was not

Page 30

1    veering too far off from Congress's intent.  Let's

2    recall that Congress also enacted Section 925(c),

3    which provides as follows, allowing for relief from

4    disability, quote, where the circumstances regarding

5    the disability and the applicant's record and

6    reputation are such that the applicant will not be

7    likely to act in a manner dangerous to public safety

8    and that the granting of the relief would not be

9    contrary to the public interest, close quote.

10              That's Congress's language recognizing

11   that while the statute they enacted in 922(g) is

12   generally applicable and valid and wholesome, there

13   are going to be exceptions, where people are not

14   dangerous, and therefore, relief should be granted.

15              And here, we submit that the Barton

16   factors are all satisfied.  We have the following

17   facts about Binderup personally in the record:

18              First, he is a peaceful, law-abiding

19   member of the community and has been for many years.

20              Second, he is a family man.  He's a

21   successful entrepreneur.

22              Third -- and this is very important if

23   your read Barton's language and take it seriously --

24   his crime did not involve violence or the misuse of

25   firearms.

1          I suppose that Binderup's crime, of

2     course, like all crimes, indicated a -- a -- an

3     episode of poor judgment.  But if poor judgment is

4     going to be the reason for denying people relief,

5     then Barton must be overruled or must not be binding,

6     and there cannot be any as-applied claims.

7               That cannot be.  Barton specifically

8     stated that we look to whether the crime itself was

9     violent, whether it suggests that there is a risk to

10    society from the person having firearms.

11               And here, the crime, while regrettable,

12    is certainly not one that involved any violence or

13    misuse of violence [sic].

14               I should also add that plaintiff does

15    object for the record to the repeated statements by

16    the government that Mr. Binderup engaged in predatory

17    behavior.  There is nothing in the record suggesting

18    that at all, and we have stayed away from redigging

19    up the facts of what happened many years ago.

20               But, finally, the one thing, which the

21    government omits mentioning, which I think is

22    extremely important here, Your Honor, is that the --

23    is that the state government here, with the blessing

24    of the prosecutor and the local judge, granted

25    Mr. Binderup relief from Pennsylvania's prohibition

1    on the possession and use of firearms.

2              So we have a determination by that level

3    of government, which in our federal system is most

4    responsible for ensuring public safety, that

5    Binderup's possession and use of firearms is not

6    contrary to public safety.

7              In contrast to the evidence that we

8    submitted about Mr. Binderup, the government has

9    given us absolutely nothing about Mr. Binderup

10   personally.  Rather, the government speaks about

11   generalized statistics and evidence about recidivism.

12             There is a problem here.  The government

13   goes so far as to say that even nonviolent property

14   offenders have a high risk of recidivism and,

15   therefore, might be banned from getting as-applied

16   relief.

17             If even a nonviolent property offender

18   is at an unacceptable risk of recidivism such that

19   that person cannot obtain relief, then, again, this

20   is an argument for overruling Barton, because then no

21   one can get relief.  But we know that under Barton,

22   somebody might, at least in theory, get relief.

23             And as far as these studies go that the

24   government has submitted, I won't belabor the point.

25   We've addressed them all in the record.

1          But with respect, at least to the

2    Delaware study, again, these are studies that

3    followed people who were released from prison.  There

4    is a selection bias issue here, Your Honor.

5          Mr. Binderup was not sent to state

6    prison.  I submit that he was not sent to state

7    prison because the judge in that case realized that

8    the facts of the case and Mr. Binderup's

9    circumstances and background did not warrant that

10   type of punishment.

11          Obviously, people who are sent to prison

12   are viewed differently by their sentencing judges.

13   That's why they're in prison.  And that's why,

14   perhaps, criminologists prefer to study them much

15   more than those people who are given probation and

16   therefore -- and thereafter lead a crime-free life.

17          So we submit that we have, on the one

18   side of the scale, individualized facts about

19   Mr. Binderup.  That's what Barton requires.  That's

20   what Barton establishes is going to be binding.  The

21   government has not responded to that.

22          It is true that in other cases people

23   have not been able to get relief, but, again, this is

24   a sui generis issue.  Every case has its own facts.

25   Every person has his or her own personal

1  circumstances.

2            Dutton, for example, a case -- an

3  unpublished Third Circuit opinion upon which the

4  government relies very heavily, involved a person who

5  made no -- who submitted no evidence whatsoever of

6  their personal circumstances.

7            And all the court held in Barton was

8  that it is not unconstitutional to apply Section

9  922(g)(1) to a person who has not submitted any

10 evidence that -- that distinguished their personal

11 circumstances from those of other felons who are

12 categorically unprotected by the Second Amendment.

13 That's almost a direct quote.

14            Again, in Dutton, we had a pro se

15 plaintiff who filed an apparently incomprehensible

16 Complaint that, quote, did not seem to allege either

17 of the appellees violated his Second Amendment rights

18 or that Section (g)(1) violates the Second Amendment,

19 and he, again, quote, presented no facts

20 distinguishing his circumstances, close quote.

21            We here have presented facts.  Now, does

22 all this mean that we should be entitled to prevail

23 on the constitutional claim?  I suppose, Your Honor,

24 that -- that it does, and we would be comfortable

25 with prevailing on that theory, but we do have the

1   constitutional avoidance doctrine in play here.

2                As we have learned time and time again,

3   most recently in the Bond case just last week, the

4   Supreme Court does not want federal courts reaching

5   constitutional claims where there is a fairly

6   possible -- that's Chief Justice Roberts' argument --

7   a fairly possible ground upon which to decide the

8   case in some other fashion.

9                And here, we submit that there is a

10  fairly possible statutory interpretation that would

11  provide Mr. Binderup with relief.

12               The government claims on page 2 of the

13  combined response that theirs is, quote, the most

14  logical reading of the statute.  But, again, that is

15  precisely what Chief Justice Roberts has explained is

16  not the standard when it comes to the constitutional

17  avoidance doctrine.  Rather, the standard is whether

18  there is a fairly possible alternative, and here, we

19  do have one.

20               Section 921(a)(20) defines what it means

21  to have a crime punishable by imprisonment for a term

22  exceeding one year.  It, quote, does not include any

23  state offense classified by the laws of the state as

24  a misdemeanor and punishable by a term of

25  imprisonment of two years or less, close quote.

1          Now, there are some limiting principles

2     that jump out at us right away.  First of all,

3     contrary to the suggestions that the government makes

4     in its combined response, this does not mean that in

5     any case, until sentencing has been passed down,

6     there is an issue of whether (g)(1) applies.

7          We are only dealing here with state

8     offenses classified as misdemeanors.  So federal

9     crimes of any nature and state felonies are not going

10     to be subject to the exception of Section 921(a)(20).

11          So what -- so what does "punishable by"

12     mean?  Well, if "punishable by" means subject to a

13     specified punishment, then Mr. Binderup would lose

14     his statutory argument.

15          But there's another way to interpret

16     Section 921(a)(20)(B), which is to see that

17     "punishable by" means capable of being punished,

18     which is precisely the way that that language,

19     "punishable by," is understood in this circuit and

20     every circuit to explain Section 922(g)(1)'s

21     operative clause, "capable of being punished."

22          Well, Mr. Binderup's offense, while it

23     calls for a possible five-year sentence, is certainly

24     capable of being punished by a term of imprisonment

25     of two years or less.

1             If we were to adopt the government's

2   interpretation, which would mean the reference here

3   is to a specified punishment, we'd have to add words

4   to the statute.  We'd have to say that that means

5   that the crime is punishable only by a term of

6   imprisonment of two years or less in order to come

7   within Section 921(a)(20)'s exception.

8             Again, we do have an alternative reading

9   of the statute, and that is one which works fairly

10  well.

11            The Schrader case accepted this

12  definition in terms of 921(a)(20)(B)(2), but then

13  misapplied it.  It's a very strange case in that it

14  adopted the, quote, common sense meaning of this

15  term, "punishable" refers to any punishment capable

16  of being imposed, but then it read 921(a)(20)(B)(2)

17  as being inclusive rather than exclusive.  The

18  statute actually defines "punishable by over one

19  year" in order to limit that, the reach of that

20  statute.

21            So if we use "punishable by," we see

22  that Mr. Binderup's crime is actually excluded.

23            The Essig case, of course, does -- does

24  adopt the more restrictive definition; however, Essig

25  was decided a long time ago.  There is no way to

1    imagine that if Essig were decided today, there would

2    be no discussion whatsoever of how Heller impacts the

3    statutory interpretation or no discussion whatsoever

4    of the Second Amendment, as it comes to us in a pre-

5    Heller, pre-Second Amendment time.

6              And that case has been superseded by

7    Heller.  The fact is that these days, we understand

8    and the court must recognize, as I'm sure it does,

9    that there is a fundamental individual right at

10   stake, and that case would be decided differently.

11             We've seen that type of approach occur

12   in other circuits post-Heller.  For example, as we

13   explained, in the First Circuit, the First Circuit,

14   without going on Bond, disregarded its prior

15   interpretation of 922(g)(4) and gave it a more

16   limiting construction in U.S. versus Rehlander

17   precisely to avoid a constitutional problem under the

18   Second Amendment.

19             And so we would submit that that, of

20   course, also is something that would apply here.

21             In conclusion, Your Honor, we have two

22   arguments, a statutory argument and a constitutional

23   argument.  We submit that both warrant relief.

24             The Supreme Court tells us that we

25   should look first to the statutory argument to avoid

1   the constitutional issue, but we are quite

2   comfortable that, given the historical pedigree of

3   the crime of which Mr. Binderup was convicted, as

4   well as 922(g) itself with its concern for crimes of

5   violence, as well as all of the personal factors that

6   we've submitted in this case, most especially the

7   fact that a state court has already determined that

8   Mr. Binderup should not be disarmed, Mr. Binderup is

9   entitled to relief.

10              And with that, Your Honor, I submit.

11  Thanks.

12              THE COURT:  All right.

13                      -  -  -

14              (Pause)

15                      -  -  -

16              THE COURT:  Mr. Gura, under Barton, even

17  if we assume that the prior offense here was

18  nonviolent, how and what authority suggests that it

19  was a minor offense as contemplated in Barton?

20              MR. GURA:  Your Honor, our argument does

21  not turn on whether the offense is minor, major, or

22  anything in between.  Barton tells us, actually, that

23  the -- that the concern was with crimes of violence,

24  and Barton spends some time discussing that

25  particular concern.  I mean, this was not a crime of

Page 40

1  violence.

2          And so we would not say the crime itself

3  is minor.  We -- we defer to the Pennsylvania

4  legislature's determination and, also, the state

5  judge's determination of how serious this crime was.

6          There were two determinations made here.

7  First of all, Pennsylvania has chosen to classify

8  this as a first-degree misdemeanor.  This is not a

9  case of child molestation.  This is not a case of

10  somebody who -- who is abusing children.

11          If, in fact, Mr. Binderup had committed

12  that crime, he would have been convicted of a felony,

13  of a very serious felony.  He would absolutely have

14  gotten jail time before any state judge in this

15  state.  That's not what occurred.  He was convicted

16  of a Class 1 misdemeanor.

17          And, of course, the judge had the

18  discretion, if the judge wanted to, to sentence

19  Mr. Binderup to up to five years in jail.  But

20  looking at the facts of the case and what occurred

21  there -- that court was closer to the situation, it

22  was better able to see what the facts were, and

23  determined that a sentence of probation was

24  sufficient.

25          And then we have the judgment of another

Page 41

1    state court several years later, which, with the

2    prosecution's blessing, reviewed the facts and came

3    to the conclusion that there is no risk of harm to

4    the community from Mr. Binderup's possession and use

5    of firearms, and then he was given relief from

6    disability.

7                Barton teaches us that not only is

8    violence or the potential for violence the -- the

9    largest factor that we look to when it comes to

10   seeing what the conviction -- underlying conviction

11   was -- Barton also tells us that we look to the other

12   circumstances surrounding the plaintiff.

13               Again, the ultimate analysis in Barton

14   is to see whether, here, Mr. Binderup is no more

15   dangerous than a typical law-abiding citizen and

16   poses no continuing threat to society.

17               And there is nothing here in the record

18   that indicates that Mr. Binderup is more dangerous

19   than a typical law-abiding citizen.  There is nothing

20   that indicates that he poses any continuing threat to

21   society.  In fact, if Mr. Binderup posed some threat

22   to society even back in 1998, one would imagine that

23   he would have received a much stiffer sentence.

24               THE COURT:  All right.  Thank you.

25                            -  -  -

 1                    (Pause)

 2                  –  –  –

 3           THE COURT:  Mr. Riess, plaintiff --

 4  plaintiff submitted a notice of supplemental

 5  authority regarding the Supreme Court's recent

 6  decision in the Bond case and also referred to it in

 7  his argument briefly.  Do you care to comment on the

 8  impact of that opinion on this case?

 9           MR. RIESS:  Certainly, Your Honor.

10           I guess, first, we disagree with

11  plaintiff's statement in the supplemental authority

12  that Bond is highly relevant to the case.

13           It involved the construction of an

14  international chemical weapons treaty, and it

15  determined that because a woman who had been

16  prosecuted under the chemical weapons treaty for what

17  was described by that court as an amateur attempt by

18  a jilted wife to injure her husband's lover by

19  putting chemicals on a doorknob and ended up causing

20  only a minor thumb burn does not -- does not -- it

21  construed it as not reaching that particular

22  activity.

23           Now, plaintiff claims the Bond case

24  bolsters his constitutional avoidance and rule of

25  lenity arguments, and we disagree.

2 App. 176

Page 43

1          Constitutional avoidance, I'd note first

2    that the court in the NFIB case, v. Sebelius, which

3    the plaintiff quotes, talking about the fairly

4    possible standard -- I believe it used that in

5    upholding the Affordable Care Act.

6          What precedent from this circuit has

7    said, and from the Supreme Court, is, there have to

8    be serious constitutional questions.  That's the

9    Northwest Austin Municipal Utility District case from

10   the Supreme Court.

11         And in the Reno v. Flores case, statutes

12   should be interpreted to avoid serious constitutional

13   doubts, not to eliminate all possible contentions

14   that the statute might be unconstitutional.  But we

15   would suggest that that is not the case here.

16         As for the rule of lenity, which

17   plaintiff claims Bond bolsters, that's only if there

18   is a grievous ambiguity, and we would submit that

19   there is none such here.

20         Even if the interpretation plaintiff

21   wants weren't foreclosed by the Third Circuit in

22   Essig -- which, by the way, Essig said nothing about

23   the Second Amendment and collective rights, and

24   therefore, there's no indication that Heller would

25   have any bearing -- the -- it would be at odds with

Page 44

1    common sense, because the reading would eliminate

2    922(g)(1) from applying to any misdemeanor as long as

3    there was no mandatory minimum.  If it were capable

4    of being punished by 10 years, 25 years, life, it

5    would fall within the exception.  And as I quote in

6    my opening statement, it's a dictum that Congress

7    doesn't hide elephants in mouse holes.  That's a

8    pretty big elephant.

9              As to the final point with -- as to --

10   for which plaintiff cites Bond, that here,

11   Pennsylvania restored his rights, we would submit

12   that the subsequent case brought by Mr. Binderup

13   actually shows very little.

14             Under Pennsylvania C.S.A. 6105(d), under

15   which the plaintiff was granted relief, it says if

16   you're convicted of certain enumerated offenses, the

17   court, quote, shall grant such relief, the firearms

18   disability relief, if ten years have elapsed since

19   the conviction.

20             The offenses include the corruption of

21   minors statute of which plaintiff was convicted.  It

22   includes [indiscernible] murder, voluntary

23   manslaughter, rape, kidnapping, arson.  But the point

24   is, there's no discretion for the court to award a

25   firearms disability relief.

Page 45

1          And we've looked at the docket sheet,

2    which we'd be happy to submit, if the court wishes to

3    review.  It shows no involvement of any counsel

4    except for counsel for the plaintiff.

5          So we would submit that the -- the

6    subsequent case brought by the plaintiff here

7    actually shows very little, and therefore, we would

8    disagree with plaintiff's statement that the Bond

9    case is highly -- both highly relevant here and that

10   it indicates that plaintiff should prevail.

11              THE COURT:  Thank you.

12              MR. RIESS:  Thank you, Your Honor.

13                      -  -  -

14                   (Pause)

15                      -  -  -

16              THE COURT:  Mr. Riess, does your order

17   of argument, with Barton coming first and Marzzarella

18   argued as a second alternative option, reflect your

19   assessment and prediction that the Third Circuit

20   would find Barton to be controlling in plaintiff's

21   as-applied challenge here?

22              MR. RIESS:  To be honest, Your Honor,

23   we're not certain.  Our guess is that Barton would

24   because it speaks to -- to what -- it talked about,

25   to proceed on an as-applied challenge.

Page 46

1              But we have conflicting panel decisions.

2    Marzzarella didn't say that it was either -- didn't

3    say that it was a facial decision, and it set forth a

4    general standard for applying the two-step test to --

5    to cases.  Also, Marzzarella actually set forth a

6    standard, whereas it's difficult to discern some sort

7    of judicially manageable standard from Barton.

8              So to answer your question, Your Honor,

9    in an abundance of caution, we did it under both.

10   Since Barton talks about, to succeed on as-applied,

11   we briefed it under that.  We think it's probably

12   Barton over Marzzarella, but we are honestly not

13   sure.

14              THE COURT:  Okay.  Well, that's honest.

15   I appreciate it.

16                    -  -  -

17                   (Pause)

18                    -  -  -

19              THE COURT:  All right.  I'm going to

20   declare a recess for deliberations of 30 minutes.

21   And then it's my intention to return to court and

22   either decide the case from the bench, if I -- the

23   argument from the bench, if I am able, or to take the

24   matter under advisement, if that's more appropriate.

25              You may declare a 30-minute recess.

1            ESR OPERATOR:  Please remain seated.

2    This court is in recess for 30 minutes.

3                    -  -  -

4            (Whereupon, a recess was had between

5    11:09 a.m. and 12:10 p.m.)

6                    -  -  -

7            ESR OPERATOR:  Please remain seated.

8    This court is again in session.

9                    -  -  -

10            THE COURT:  Let the record reflect that

11    the participants in this matter of Binderup versus

12    Holder who were identified on the record at the

13    beginning of the argument on the cross motions for

14    summary judgment are once again present, two counsel

15    for each side.  And plaintiff, I believe, is not at

16    the moment in the courtroom -- oh, he just came in.

17    Okay.  Mr. Binderup is here as well.

18            After deliberating for an hour on the

19    matter of the cross motions -- that is, plaintiff's

20    motion for summary judgment and defendants' motion to

21    dismiss or for summary judgment -- and considering

22    the briefs and the oral arguments of the parties --

23    that it would be fairer to the parties in this case

24    and their counsel and will result in a more

25    appropriately accurate and correct outcome under the

Page 48

1    facts and the law to take this matter under

2    advisement so that my law clerk and I can further

3    study, research, and discuss the interesting and

4    sometimes complex issues involved here, as presented

5    by each side from both perspectives in an articulate

6    and -- and persuasive and rationale way.

7                     And so we will take the matter under

8    advisement, and we will advise the parties and

9    counsel by issuing an order and opinion or a

10   footnoted order, as appropriate.

11                    And you may adjourn court.

12                    ESR OPERATOR:  All rise.  This honorable

13   court is adjourned.

14                          -  -  -

15                    (Whereupon, the proceeding was concluded

16   at 12:13 p.m.)

17                          -  -  -

18

19

20

21

22

23

24

25

```
1                  C E R T I F I C A T I O N

2

3          I, Judi Y. Olsen, do hereby certify that the

4      foregoing is a true and correct transcript from the

5      electronic sound recordings of the proceedings in the

6      above-captioned matter.

7

   _____              _____
8  Date                             Judi Y. Olsen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

## A

**able** 12:1 33:23 40:22 46:23
**above-captioned** 49:7
**absolutely** 32:9 40:13
**abundance** 46:9
**abusing** 40:10
**accepted** 27:14 37:11
**accomplish** 19:16
**accord** 19:4
**accurate** 47:25
**act** 30:7 43:5
**activity** 15:24 21:18 22:6 42:22
**add** 31:14 37:3
**addicted** 15:9
**additional** 8:24
**addressed** 32:25
**adjourn** 48:11
**adjourned** 48:13
**ADMITTED** 3:11
**adopt** 10:19 37:1 37:24
**adopted** 37:14
**adult** 15:19,23
**adults** 15:14
**adverse** 16:2
**advise** 48:8
**advisement** 46:24 48:2,8
**afford** 24:1
**Affordable** 43:5
**age** 21:14
**ago** 31:19 37:25
**ahead** 21:8
**Alan** 1:10 5:7
**alan@guraposse...** 1:13
**Alcohol** 1:5 4:22
**Alexandria** 1:12
**allege** 34:16
**ALLENTOWN** 1:1
**allow** 8:21

**allowing** 30:3
**alternative** 35:18 37:8 45:18
**amateur** 42:17
**ambiguity** 43:18
**Amendment** 12:7 13:23,23 16:10 19:2 23:1,9 25:6 25:11 29:4 34:12 34:17,18 38:4,5 38:18 43:23
**Amendment's** 23:4 28:10 29:20
**analysis** 23:1 41:13
**analyzing** 23:1
**answer** 46:8
**anticipated** 4:16
**antitrust** 24:8
**apologize** 4:13
**apparently** 34:15
**APPEARANCES** 1:9 2:1
**appellees** 34:17
**applicable** 30:12
**applicant** 30:6
**applicant's** 30:5
**application** 19:8 26:15
**applications** 13:5
**applied** 10:1,4,10 11:14,24 12:18 13:1,11,24 22:20 24:21 25:16 28:4 28:22
**applies** 23:11,11 24:3 25:14 36:6
**apply** 23:13 24:6,8 24:20 26:6 34:8 38:20
**applying** 17:7 23:18 27:6 28:13 44:2 46:4
**appreciate** 46:15
**approach** 9:16 26:1 38:11
**appropriate** 46:24 48:10

**appropriately** 47:25
**arbitrary** 17:13
**argue** 7:2 8:11
**argued** 45:18
**argues** 7:3
**arguing** 5:15,16 6:14 7:8
**argument** 3:4 5:1 6:21 7:3,7,12,21 8:6,12 9:17 11:5 21:3 26:2,16 27:18 32:20 35:6 36:14 38:22,23,25 39:20 42:7 45:17 46:23 47:13
**arguments** 6:22,23 8:20,23 25:5 38:22 42:25 47:22
**arms** 16:12
**arrested** 22:14
**arrestees** 21:11,12
**arson** 44:23
**articulate** 48:5
**aside** 24:10
**asking** 28:18
**assessment** 45:19
**assume** 39:17
**as-applied** 12:1,4 23:12 27:22 28:25 29:23 31:6 32:15 45:21,25 46:10
**attempt** 42:17
**Attorney** 1:4 4:21 5:12 6:3,6,11
**Austin** 43:9
**authority** 39:18 42:5,11
**Avenue** 1:15 2:3,7
**avoid** 38:17,25 43:12
**avoidance** 35:1,17 42:24 43:1
**award** 44:24
**a.m** 1:6 47:5

## B

**B** 1:5 3:10 4:20
**back** 16:9 27:14 41:22
**background** 12:5 19:14 29:2 33:9
**balancing** 28:14
**ban** 27:23
**Banks** 11:8
**banned** 32:15
**barred** 10:17 12:7 29:4
**bars** 15:8
**Barton** 11:16,20,23 11:25 12:3,4,15 12:19 13:14,15 17:24 18:8,11,21 18:22 20:18 27:12 27:16 28:14 29:1 29:12,18,21,22,25 30:15 31:5,7 32:20,21 33:19,20 34:7 39:16,19,22 39:24 41:7,11,13 45:17,20,23 46:7 46:10,12
**Barton's** 27:18 30:23
**bearing** 43:25
**beg** 14:6
**beginning** 26:7 47:13
**behavior** 15:11 16:23 31:17
**belabor** 32:24
**believe** 43:4 47:15
**believes** 26:9
**bench** 46:22,23
**beneficial** 28:21
**benefits** 27:6
**better** 8:15 40:22
**bias** 33:4
**big** 44:8
**Binderup** 1:2 4:19 5:20,21,22 26:11 26:14 27:9 29:1 30:17 31:16,25 32:8,9 33:5,19

**B** 1:5 3:10 4:20
35:11 36:13 39:3 39:8,8 40:11,19 41:14,18,21 44:12 47:11,17
**Binderup's** 27:9 31:1 32:5 33:8 36:22 37:22 41:4
**binding** 25:2,3 31:5 33:20
**blessing** 31:23 41:2
**bolsters** 42:24 43:17
**bomb** 17:19
**Bond** 35:3 38:14 42:6,12,23 43:17 44:10 45:8
**brief** 26:17 29:18
**briefed** 46:11
**briefly** 11:20 22:23 42:7
**briefs** 13:9 17:6 47:22
**brought** 44:12 45:6
**Bryn** 1:15
**burden** 12:19,21 15:1 16:15 20:18 22:21 23:8
**burdens** 23:3
**Bureau** 1:5 4:22
**burn** 42:20

## C

**C** 49:2,2
**calls** 36:23
**capable** 15:25 36:17,21,24 37:15 44:3
**care** 9:15 42:7 43:5
**carrying** 14:1,2,17 14:18
**case** 1:2 4:15,19,23 4:25 10:22 11:12 13:3,11,17 14:22 15:18,20 19:2,2 19:14,15,20 20:2 22:19,23,24,25 23:11 24:25 25:7

26:4,13 27:12
33:7,8,24 34:2
35:3,8 36:5 37:11
37:13,23 38:6,10
39:6 40:9,9,20
42:6,8,12,23 43:2
43:9,11,15 44:12
45:6,9 46:22
47:23
**cases** 18:15,20 27:3
33:22 46:5
**categorical** 26:20
**categorically** 29:19
34:12
**category** 22:11
**causing** 42:19
**caution** 46:9
**certain** 17:8 24:8
44:16 45:23
**certainly** 31:12
36:23 42:9
**certify** 49:5
**challenge** 12:1,4
13:24 23:12,17
26:19,21 27:22
28:3,25 45:21,25
**challenges** 23:2
29:23
**characterizes** 17:3
**chemical** 42:14,16
**chemicals** 42:19
**Chief** 35:6,15
**child** 13:8 40:9
**children** 40:10
**chosen** 40:7
**circuit** 10:18 11:1,7
11:8 12:15 13:3
13:13,17,19,22
18:14 19:3 22:25
24:25 25:5 27:14
28:2,23 29:25
34:3 36:19,20
38:13,13 43:6,21
45:19
**circuits** 13:4,20
38:12
**Circuit's** 10:21

11:16 20:14 28:13
**circumstances** 12:6
12:16,20 22:18
27:10 29:3 30:4
33:9 34:1,6,11,20
41:12
**cite** 19:20
**cited** 13:14,16 14:8
23:11
**cites** 44:10
**citizen** 12:11 29:7
29:14 41:15,19
**citizens** 16:11
23:15 25:12
**civil** 2:6 24:11
**claim** 10:17 11:15
25:2,8 26:13,22
26:23 34:23
**claiming** 26:11,12
**claims** 10:15 11:13
25:4 26:6 31:6
35:5,12 42:23
43:17
**clarify** 26:10
**class** 20:25 40:16
**classified** 35:23
36:8
**classify** 40:7
**clause** 36:21
**clerk** 48:2
**close** 27:25 30:9
34:20 35:25
**closer** 40:21
**coercive** 15:16
**coin** 8:11
**Coleman** 11:8
**collective** 43:23
**COLLOQUY** 3:3
**combatting** 23:20
**combined** 29:16
35:13 36:4
**come** 25:9 37:6
**comes** 35:16 38:4
41:9
**comfortable** 34:24
39:2
**coming** 45:17

**comment** 42:7
**committed** 25:17
40:11
**common** 17:11
37:14 44:1
**community** 30:19
41:4
**COMPANY** 1:23
**compelling** 23:19
23:24
**Complaint** 10:12
11:6 26:18 34:16
**completely** 27:4
**complex** 48:4
**concede** 23:10
**conceded** 27:13,19
**concern** 15:2 39:4
39:23,25
**conclude** 9:4 16:21
**concluded** 48:15
**conclusion** 25:1
38:21 41:3
**conduct** 16:6,7
17:14 23:3,9
**conference** 4:15
**conflicting** 28:9
46:1
**Congress** 11:10
17:6 19:17 20:6
23:25 27:8 28:20
30:2 44:6
**Congress's** 20:2
27:5 30:1,10
**consent** 15:15
21:18,19 22:7,8
**consequences**
15:24
**considerably** 4:15
**considered** 17:7
28:24
**considering** 47:21
**consistently** 13:4
**constitutional** 10:1
10:3,14 11:24
12:25 18:1 23:6
25:8,9,14,16
34:23 35:1,5,16

38:17,22 39:1
42:24 43:1,8,12
**constitutionality**
19:4
**constitutionally**
22:20
**construction** 38:16
42:13
**construed** 42:21
**contact** 10:5
**contemplated**
39:19
**contentions** 43:13
**continued** 2:1 16:6
**continuing** 12:13
29:10,15 41:16,20
**contra** 7:6
**contrary** 11:7,10
30:9 32:6 36:3
**contrast** 32:7
**control** 15:4 16:23
19:10
**controlled** 15:9
**controlling** 45:20
**controls** 22:24
27:12
**convicted** 9:22 10:6
10:22,24 12:9
13:15,25 17:22
18:6,11,12 19:18
20:7,13,20,24
22:5 23:18 24:4
24:15,16,21 29:5
39:3 40:12,15
44:16,21
**conviction** 11:3
12:13 13:15 17:23
18:7,17,18 24:9
29:9 41:10,10
44:19
**convictions** 13:18
**core** 16:9 23:14
25:10
**correct** 47:25 49:6
**correctly** 6:3 7:22
**corruption** 10:6,23
44:20

**counsel** 6:14,21
45:3,4 47:14,24
48:9
**Count** 10:13,14,15
11:6,13
**counts** 10:12
**course** 5:4 31:2
37:23 38:20 40:17
**court** 1:1,23 4:3,6
4:13,18,25 5:9,12
5:19,22 6:2,6,9,13
6:17 7:16,19,24
8:9,16 9:11,14,19
9:20 10:8,9,19
11:16 12:12,24
13:22 14:4,8,13
14:15,20 15:20
16:13,17 18:2,16
18:20,23,25 19:9
19:16,20,22,25
21:1,8,23 22:1,10
22:16 23:22 25:21
25:25 26:9 27:15
27:17,24 28:2
29:8 34:7 35:4
38:8,24 39:7,12
39:16 40:21 41:1
41:24 42:3,17
43:2,7,10 44:17
44:24 45:2,11,16
46:14,19,21 47:2
47:8,10 48:11,13
**courtroom** 5:18
47:16
**courts** 9:25 12:23
19:4 35:4
**court's** 17:10 24:1
42:5
**crime** 9:23 12:10
12:12 14:24 15:12
17:3,5,22 18:6
19:11 20:9,13
23:19,21,24 24:4
24:18,23 25:17
29:6,9 30:24 31:1
31:8,11 35:21
37:5,22 39:3,25

40:2,5,12
**crimes** 10:2 13:1
  17:8 19:19 20:7
  20:21,25 24:17,21
  31:2 36:9 39:4,23
**crime-free** 33:16
**criminal** 10:22
  15:11 16:6,23,24
  19:13
**criminologists**
  33:14
**cross** 4:19 6:18
  47:13,19
**curb** 19:11
**C.S.A** 44:14

**D**

**D** 3:1
**dangerous** 12:11
  17:15 29:7,14
  30:7,14 41:15,18
**Daniel** 1:2 2:2 4:19
  5:25
**daniel.riess@usd...**
  2:5
**date** 18:16 49:15
**days** 38:7
**DC** 2:4,8
**deadlines** 8:24
**dealing** 16:1 23:14
  28:16 36:7
**decades** 12:13 29:9
**decide** 35:7 46:22
**decided** 18:10,12
  18:20,21,22 37:25
  38:1,10
**decision** 10:21
  11:16 12:24 20:14
  42:6 46:3
**decisions** 46:1
**Decker** 15:20
**declare** 46:20,25
**decline** 10:8
**defendant** 5:24
  6:14 7:2 8:17
  10:22
**defendants** 1:6 2:2

5:1 7:1,4,10,14
  25:23 47:20
**defending** 7:10
**defense** 7:6 9:12
  16:12
**defer** 40:3
**deference** 19:5
  20:16 24:1
**defined** 21:17 22:6
**defines** 35:20 37:18
**definition** 37:12,24
**degree** 14:4,10,13
**Delaware** 21:16,25
  22:2,11 33:2
**delay** 4:14
**deliberating** 47:18
**deliberations** 46:20
**demonstrate** 12:16
  19:7
**demonstrates**
  25:18
**denying** 31:4
**DEPT** 2:2,6
**described** 16:25
  42:17
**describing** 27:22
**DESCRIPTION**
  3:11
**Despite** 16:6
**details** 9:15
**determination**
  13:22 32:2 40:4,5
**determinations**
  40:6
**determine** 29:24
**determined** 19:17
  39:7 40:23 42:15
**determines** 26:14
**dgould@gouldla...**
  1:16
**Dickerson** 19:15,24
  19:25 20:2 27:3
**dictum** 44:6
**differently** 33:12
  38:10
**difficult** 46:6
**direct** 8:20 9:6

34:13
**director** 1:5 4:22
**disability** 30:4,5
  41:6 44:18,25
**disagree** 42:10,25
  45:8
**disarmament** 27:23
**disarmed** 39:8
**discern** 46:6
**discharged** 15:10
**discretion** 40:18
  44:24
**discuss** 11:19 25:6
  48:3
**discussed** 23:24
  25:5
**discussing** 39:24
**discussion** 27:2
  38:2,3
**dishonorably** 15:10
**dismiss** 5:1 7:5,11
  21:6 25:22 47:21
**displayed** 16:22
**disposition** 27:21
**disregarded** 38:14
**distinction** 17:11
  17:12
**distinguish** 12:6
  17:23 18:8,15
  29:3
**distinguished**
  34:10
**distinguishing**
  34:20
**District** 1:1,1,8 4:3
  4:3 13:10 43:9
**DIVISION** 2:6
**docket** 45:1
**doctrine** 35:1,17
**doing** 7:8
**door** 11:25
**doorknob** 42:19
**doubts** 43:13
**Douglas** 1:14,14
  5:10
**Drake** 19:2 20:15
  24:1

**drug** 13:15,18
**Dutton** 13:21 14:23
  17:24 18:8,10,17
  18:18 34:2,14
**D.C** 11:7 12:24
  24:25

**E**

**E** 3:1,10 49:2
**earlier** 7:1 24:14
**easily** 15:22
**Eastern** 1:1 4:3
**effect** 26:16
**effects** 16:2
**efficient** 6:20
**effort** 8:3
**either** 9:2,5 22:14
  26:7,8,21 34:16
  46:2,22
**elapsed** 44:18
**electronic** 1:21
  49:6
**elephant** 44:8
**elephants** 11:11
  44:7
**Eleventh** 13:17
**eliminate** 43:13
  44:1
**empirical** 20:19,23
  24:15
**employee** 10:5 16:4
  16:5
**employer** 15:19
  16:3
**enacted** 20:5 30:2
  30:11
**enacting** 20:3
**ended** 42:19
**engage** 15:23
**engaged** 10:4 31:16
**ensuring** 32:4
**enter** 25:22
**entitled** 19:12
  34:22 39:9
**entrepreneur** 30:21
**entrusted** 15:5 17:1
**enumerated** 44:16

**episode** 31:3
**Eric** 1:4 4:20
**especially** 15:18
  39:6
**Esquire** 1:10,14 2:2
  2:6 5:7,10
**ESR** 2:10 4:2 47:1
  47:7 48:12
**Essig** 10:21 11:5
  37:23,24 38:1
  43:22,22
**Essig's** 11:2
**establishes** 33:20
**evaluate** 23:4
**evaluates** 11:17
**evaluating** 23:4
**evidence** 20:20
  32:7,11 34:5,10
**exactly** 26:10
**examination** 26:5
**example** 28:8 34:2
  38:12
**examples** 12:8
  13:14,18
**exceeding** 35:22
**exceeds** 9:24
**exception** 36:10
  37:7 44:5
**exceptions** 8:1
  30:13
**excessive** 8:5
**excluded** 29:19
  37:22
**exclusive** 37:17
**exhibits** 21:6
**expected** 19:19
**expedient** 6:20
**explain** 11:21 36:20
**explained** 17:10
  19:16 35:15 38:13
**Explosives** 1:6 4:23
**expunged** 24:10
**extended** 25:19
**extending** 28:19
**extremely** 31:22

**F**

**F** 49:2
**face** 11:24
**facial** 46:3
**fact** 15:13 17:2
    38:7 39:7 40:11
    41:21
**factor** 41:9
**factors** 28:24 30:16
    39:5
**facts** 12:5 29:2
    30:17 31:19 33:8
    33:18,24 34:19,21
    40:20,22 41:2
    48:1
**factual** 21:4 22:18
**fail** 13:24
**failed** 12:16
**fails** 23:17
**failure** 13:7
**fairer** 47:23
**fairly** 35:5,7,10,18
    37:9 43:3
**fall** 44:5
**family** 30:20
**far** 27:14 30:1
    32:13,23
**Farby** 2:6 6:7,8,8
    6:11,11,12
**fashion** 21:3 35:8
**February** 5:2
**federal** 15:2 19:10
    32:3 35:4 36:8
**felon** 12:9,12 13:17
    27:21 29:5,8
**felonies** 17:9,13,15
    20:9 36:9
**felons** 13:6 34:11
**felony** 21:20,22
    22:9,14 27:22
    40:12,13
**female** 15:22
**Fifth** 13:20
**figure** 22:11
**filed** 5:2,3,5 7:1
    34:15
**filing** 13:9
**final** 44:9

**finally** 20:17 31:20
**find** 12:12 29:8
    45:20
**fine** 8:8
**finish** 16:18
**fire** 17:19
**firearm** 11:2 14:1,2
    14:17,18 15:6
    17:1
**firearms** 1:6 4:22
    9:22 10:17 14:9
    14:16 19:11,17
    20:3,6,12 24:13
    30:25 31:10 32:1
    32:5 41:5 44:17
    44:25
**first** 7:2 8:17 10:9
    10:12 12:23 14:13
    19:1 23:2 26:13
    28:6 30:18 36:2
    38:13,13,25 40:7
    42:10 43:1 45:17
**first-degree** 13:25
    14:12 17:4,17
    40:8
**fit** 23:18 24:2,20
**fits** 28:17
**FITZKO** 2:10
**five** 10:7 11:4 12:22
    17:5 20:23 21:15
    22:18 25:20 40:19
**five-year** 36:23
**fixed** 26:7
**Flores** 43:11
**focusing** 27:18
**followed** 7:7 33:3
**following** 28:24
    30:16
**follows** 11:16 28:14
    30:3
**footnoted** 48:10
**foreclose** 27:21
**foreclosed** 25:2
    43:21
**forecloses** 11:5
**foregoing** 49:5
**form** 23:5

**forth** 46:3,5
**found** 20:6,11
**four** 6:23 8:22
**fourth** 11:8 13:3,13
    17:21 18:3
**frame** 27:17
**fraud** 13:8,11
    25:15
**fundamental** 38:9
**further** 48:2

────────────

## G

**g** 10:20 11:1,23
    12:17,21 13:5,10
    13:24 15:7,8,9
    17:8 18:8 19:7
    20:6 23:18 24:3
    24:20 34:18 36:6
**Gardner** 1:8 4:5
**general** 1:4 4:21
    20:22 23:1,23
    46:4
**generalized** 32:11
**generally** 27:7
    28:17,22 30:12
**generis** 33:24
**gentlemen** 4:7
**getting** 4:14 32:15
**give** 8:16 28:2
**given** 17:13 32:9
    33:15 39:2 41:5
**gives** 29:23
**Glenbrook** 1:15
**go** 8:17,18 21:8
    32:23
**goal** 19:17
**goes** 15:11 29:22
    32:13
**going** 30:13 31:4
    33:20 36:9 38:14
    46:19
**good** 4:6,8 5:8,9,11
    5:12,22 6:4,11,12
    15:3 17:9
**gotten** 40:14
**Gould** 1:14,14 5:10
    5:11,13

**government** 13:8
    23:19 27:13,19
    28:18 31:16,21,23
    32:3,8,10,12,24
    33:21 34:4 35:12
    36:3
**government's**
    23:23 24:22 26:17
    28:17 29:16,18
    37:1
**grant** 25:21 44:17
**granted** 30:14
    31:24 44:15
**granting** 30:8
**grievous** 43:18
**ground** 35:7
**group** 24:16
**guarantee** 23:4
    28:10
**guess** 42:10 45:23
**guidepost** 28:2
**guideposts** 29:23
**gun** 15:2 19:10
    27:21
**Gura** 1:10,11 3:5
    5:7,8,9,14,16 7:17
    7:18 8:10,13 9:10
    26:1,3 39:16,20

────────────

## H

**H** 1:4 3:10 4:20
**handle** 8:5
**hands** 19:12 20:3
**happen** 28:1
**happened** 31:19
**happy** 45:2
**harm** 41:3
**hearing** 1:7 6:23
    21:2
**hearth** 16:12
**heavily** 34:4
**held** 11:1 19:3
    25:13 34:7
**Heller** 12:24 16:10
    16:25 23:14 25:4
    25:7 28:8 38:2,5,7
    43:24

**Heller's** 27:20
**help** 20:13
**he/she** 12:2
**hide** 11:10 44:7
**high** 32:14
**higher** 20:21
**highly** 42:12 45:9,9
**historical** 39:2
**historically** 12:7
    29:4,12
**history** 11:9 14:22
**hold** 10:9
**Holder** 1:4 4:20
    47:12
**holdings** 11:7
**holes** 11:11 44:7
**home** 16:12
**homicide** 17:18
**honest** 45:22 46:14
**honestly** 46:12
**Honor** 4:9 5:8,11
    5:16,21 6:1,4,8,16
    7:15,18,23 8:14
    9:10,13,18 14:7
    14:14 16:20 19:1
    22:17 25:1,24
    26:3 31:22 33:4
    34:23 38:21 39:10
    39:20 42:9 45:12
    45:22 46:8
**honorable** 1:8 4:4
    48:12
**hour** 47:18
**housekeeping** 9:15
**Huddleston** 19:9
    19:14,21,22 27:3
**huge** 11:11
**humor** 8:3
**hunting** 17:18
**husband's** 42:18

────────────

## I

**identified** 23:14
    47:12
**Illinois** 21:10
**imagine** 38:1 41:22
**imbalance** 15:13,17

**immature** 15:22
**immediate** 24:24
**impact** 42:8
**impacts** 38:2
**implicitly** 25:3
**implied** 27:24
**important** 26:4
30:22 31:22
**imposed** 37:16
**imprisonment** 9:23
11:4 24:5,7 35:21
35:25 36:24 37:6
**inability** 15:4 16:22
**include** 17:17 35:22
44:20
**includes** 13:7 44:22
**including** 10:1
13:14 24:16
**inclusive** 37:17
**incomprehensible**
34:15
**indicated** 6:19 31:2
**indicates** 41:18,20
45:10
**indication** 14:22
43:24
**indiscernible** 44:22
**individual** 38:9
**individualized**
33:18
**indulge** 27:17
**inherently** 10:2
14:24 15:16 25:15
**injure** 42:18
**instance** 12:9 16:8
29:5
**intended** 12:17,21
14:23
**intent** 20:2 30:1
**intention** 46:21
**interest** 23:20,23
24:22 28:13,17,18
30:9
**interesting** 48:3
**intermediate** 23:10
28:4,7
**international** 42:14

**interpret** 36:15
**interpretation**
35:10 37:2 38:3
38:15 43:20
**interpreted** 43:12
**invalid** 28:9
**invitation** 10:9
**invite** 8:20,21
**involuntary** 17:17
**involve** 17:14 24:17
30:24
**involved** 31:12 34:4
42:13 48:4
**involvement** 45:3
**irrelevant** 27:4,5
**issue** 27:11 28:11
33:4,24 36:6 39:1
**issues** 48:4
**issuing** 48:9

**J**

**jail** 21:12 40:14,19
**James** 1:8 4:4
**JENNIFER** 2:10
**jilted** 42:18
**joint** 6:21 7:20
**Jones** 1:5 4:20
**Jr** 1:4 4:20
**judge** 1:8 31:24
33:7 40:14,17,18
**judges** 33:12
**judge's** 40:5
**judgment** 5:2,3 7:5
7:7,10,11 15:3
16:8 21:7 25:18
25:22 27:6 28:20
31:3,3 40:25
47:14,20,21
**judgments** 19:6,6
20:15 23:25 27:8
**Judi** 2:11 49:4,15
**judicial** 8:3
**judicially** 46:7
**jump** 36:2
**June** 1:6 49:15
**junior** 10:5
**Justice** 2:2,6 35:6

35:15

**K**

**keep** 20:3
**keeping** 19:11
**kept** 19:18
**key** 29:11
**kidnapping** 44:23
**knew** 16:4
**Knoll** 1:8 4:5
**know** 6:10 8:1
27:15 32:21

**L**

**labeled** 17:8 20:8
**lack** 15:3 25:18
28:13
**ladies** 4:6
**lame** 8:2
**landmark** 12:23
**language** 13:19
27:18 30:10,23
36:18
**lapse** 16:8 18:13
**large** 15:24
**largest** 41:9
**lastly** 20:1
**late** 27:14
**law** 1:14 9:25 11:14
11:17 14:1,5,9,11
15:14 17:11 23:3
23:5 24:24 26:6
28:16,22 48:1,2
**lawful** 27:23
**laws** 28:9 35:23
**law-abiding** 12:11
16:11,24 23:15
25:12 29:7,14
30:18 41:15,19
**lead** 6:14 33:16
**learned** 35:2
**left** 11:25
**legally** 15:15 19:12
21:19 22:8
**legislation** 19:11
**legislative** 11:9
**legislators** 19:5

**legislature's** 40:4
**length** 26:14 29:22
**lenity** 42:25 43:16
**LESLEY** 2:6
**lesley.farby@usd...**
2:9
**Leslie** 6:8,9,10,11
**let's** 15:12 26:10
30:1
**level** 32:2
**license** 14:3,19
**life** 33:16 44:4
**limit** 7:23 37:19
**limiting** 36:1 38:16
**Lindsey** 6:6,10
**linking** 20:20
**list** 8:1
**little** 8:2 44:13 45:7
**local** 31:24
**logical** 35:14
**long** 37:25 44:2
**longer** 4:16
**long-range** 16:1
**long-term** 16:22
**look** 15:12 23:2
31:8 38:25 41:9
41:11
**looked** 45:1
**looking** 40:20
**lose** 36:13
**lover** 42:18

**M**

**mail** 13:8,11 25:15
**major** 39:21
**man** 30:20
**manageable** 46:7
**mandatory** 44:3
**manner** 30:7
**manslaughter**
17:18 44:23
**March** 5:4
**marked** 3:11,12
**Market** 1:24
**Marzzarella** 11:18
11:22 22:23 24:19
28:14 45:17 46:2

46:5,12
**Massachusetts** 2:3
2:7
**matter** 4:18 18:14
18:15 46:24 47:11
47:19 48:1,7 49:8
**matters** 8:6
**Mawr** 1:15
**maxim** 11:10
**mean** 34:22 36:4,12
37:2 39:25
**meaning** 37:14
**means** 35:20 36:12
36:17 37:4
**means-end** 11:17
23:5 28:3,6
**member** 30:19
**mentally** 15:23
**mentioned** 11:11
24:14
**mentioning** 31:21
**mere** 17:2
**merit** 11:15
**met** 12:21 15:1
22:21
**MID-ATLANTIC**
1:23
**minimum** 44:3
**minor** 10:6,23
12:10 17:4,13
29:6 39:19,21
40:3 42:20
**minors** 44:21
**minute** 9:3,5 16:13
**minutes** 7:23 8:8
8:17,25 9:2 46:20
47:2
**misapplied** 37:13
**misconduct** 20:21
20:24
**misdemeanor** 17:4
21:21 22:14 24:6
35:24 40:8,16
44:2
**misdemeanors**
13:25 14:5,10,12
17:12,14,17 20:8

26:24,25 27:7
   36:8
misjudgment 16:24
misreading 26:18
misunderstood
   16:17
misuse 19:19 20:6
   30:24 31:13
modern-day 17:12
molestation 40:9
moment 47:16
months 16:7
morning 4:6,8,14
   4:18 5:8,9,11,12
   5:15,22 6:5,11,12
   6:15,24
motion 5:1,3 7:1,2
   7:4,6,9,10 21:6
   25:21 47:20,20
motions 1:7 4:19
   5:5 6:18 47:13,19
mouse 11:11 44:7
move 16:14
MULTIPLE 4:8
Municipal 43:9
murder 44:22
muster 23:6 24:24

—————————
N
—————————
N 3:1 49:2
name 6:2
NATIONAL 1:23
nature 10:2 13:2
   15:16 21:4 25:15
   36:9
necessarily 13:1
negligent 17:18
neither 15:25
new 21:20,22 22:14
NFIB 43:2
Ninth 13:19
nonviolent 12:10
   13:5 26:25 29:6
   32:13,17 39:18
Northern 13:10
Northwest 43:9
note 5:6,17,24 43:1

noted 17:6
notice 42:4
number 3:11 4:23
   13:14 24:15
numerous 17:14
NW 2:3,7

—————————
O
—————————
O 49:2
object 31:15
obtain 32:19
obviously 19:17
   33:11
occupied 17:19
occur 38:11
occurred 20:9
   40:15,20
odds 10:20 43:25
offender 13:25
   21:11 32:17
offenders 10:1 13:1
   24:16 32:14
offense 7:4,9 17:20
   21:22 22:9 24:6
   35:23 36:22 39:17
   39:19,21
offenses 13:7 14:16
   20:13 24:9 25:14
   36:8 44:16,20
OFFICES 1:14
official 26:19
oh 18:23 47:16
Okay 14:20 16:17
   16:20 18:23 22:16
   25:25 46:14 47:17
old 12:13 29:9
Olsen 2:11 49:4,15
omits 31:21
once 47:14
open 11:25
opening 44:6
operative 36:21
OPERATOR 2:10
   4:2 47:1,7 48:12
opinion 34:3 42:8
   48:9
opponent 5:5

optimal 26:9
option 45:18
oral 6:23 7:3,12
   47:22
order 19:16 37:6
   37:19 45:16 48:9
   48:10
Oronoco 1:11
outcome 26:15
   47:25
outside 12:17,20
   23:14
overbroad 26:22
overpowered 15:23
overruled 31:5
overruling 32:20
overturned 25:3,7

—————————
P
—————————
PA 1:15,24
page 3:2 29:17
   35:12
panel 46:1
pardon 14:6
pardoned 24:11
part 7:7
participants 47:11
particular 27:1
   28:19,21 39:25
   42:21
parties 47:22,23
   48:8
passed 36:5
passes 23:6 24:24
patience 4:17
Pause 4:11 39:14
   42:1 45:14 46:17
pay 13:8
peaceful 30:18
pedigree 39:2
Pennsylvania 1:1
   4:4 14:1,5,9,11
   15:20 17:3,16
   27:1 40:3,7 44:11
   44:14
Pennsylvania's
   31:25

people 15:3 30:13
   31:4 33:3,11,15
   33:22
percent 21:11,17
   21:21 22:3,4,13
percentage 22:11
percentages 22:2
period 16:7 21:13
   25:19
permanent 16:2
permit 8:23
person 16:25 23:18
   24:3,11,13 28:21
   31:10 32:19 33:25
   34:4,9
personal 27:9
   33:25 34:6,10
   39:5
personally 30:17
   32:10
persons 9:22 12:6
   15:8,9,14,15
   19:18 20:4,7,12
   20:20,24 22:4
   24:21 29:4
perspectives 48:5
persuasive 48:6
pertinent 21:10
Philadelphia 1:24
place 12:17,20
plaintiff 1:3,10 5:6
   5:15,17 7:8 8:18
   9:9 10:4,15,25
   11:14,19 12:19
   15:1 16:4,15
   17:21 18:5,11
   20:18 21:14 22:20
   22:21 23:11 25:4
   25:17 26:5 28:19
   29:13,19 31:14
   34:15 41:12 42:3
   42:4,23 43:3,17
   43:20 44:10,15,21
   45:4,6,10 47:15
plaintiffs 7:17
   10:19
plaintiff's 5:3 7:2,6

7:12 10:8,12,24
   11:5 23:16,19
   24:22 25:1 26:2
   42:11 45:8,20
   47:19
plan 10:11 11:19
play 35:1
please 4:5 9:19
   47:1,7
PLLC 1:11
Plus 17:6
podium 9:16 26:2
point 16:23 17:2
   18:3 20:17 21:9
   32:24 44:9,23
policies 7:25
politely 9:3
poor 31:3,3
population 20:22
posed 41:21
poses 12:13 29:9,15
   41:16,20
position 15:19
possess 19:12 24:13
possessing 10:17
   15:5
possession 9:22
   11:2 20:12 32:1,5
   41:4
POSSESSKY 1:11
possibilities 8:22
possibility 11:25
possible 12:8 35:6
   35:7,10,18 36:23
   43:4,13
post-Heller 38:12
potential 41:8
power 15:13,16
practices 24:9
pre 38:4
precedent 10:18
   25:2,3,5 26:8 43:6
precisely 35:15
   36:18 38:17
predatory 10:4
   31:16
prediction 45:19

**predictive** 19:5,6
20:15 23:25 27:5
27:8 28:20
**prefer** 33:14
**premised** 15:13
**presence** 5:6,24
**present** 5:18 12:4
24:17 29:2 47:14
**presented** 34:19,21
48:4
**presiding** 4:5
**presumption** 27:24
**presumptive** 27:20
**presumptively** 20:4
27:23
**pretty** 44:8
**prevail** 34:22 45:10
**prevailing** 34:25
**prevails** 29:13
**preventing** 23:23
**pre-Second** 38:5
**principal** 19:10
**principles** 36:1
**prior** 13:15,18
38:14 39:17
**prison** 10:7 17:6
21:20 22:8 25:20
33:3,6,7,11,13
**pro** 34:14
**probably** 27:15,16
46:11
**probation** 10:25
33:15 40:23
**problem** 20:10
32:12 38:17
**procedure** 7:13,16
9:8
**procedures** 7:25
**proceed** 45:25
**proceeding** 48:15
**proceedings** 1:21
49:7
**produced** 1:21
**Professional** 49:4
**prohibit** 10:16
**prohibited** 11:2
**prohibition** 17:8

31:25
**prohibitors** 15:2
**prohibits** 9:22
**pronouncing** 6:2
**property** 13:9,16
25:16 32:13,17
**propose** 6:25
**prosecuted** 42:16
**prosecution's** 41:2
**prosecutor** 31:24
**protecting** 23:20
24:23
**protection** 25:11
29:20
**protections** 12:8
29:5
**provide** 24:12
35:11
**provides** 29:17
30:3
**Pruess** 13:3,13
**public** 14:2,18
23:20 24:23 30:7
30:9 32:4,6
**punishable** 9:23
10:7 11:3 17:5
24:4,7 25:20
35:21,24 36:11,12
36:17,19 37:5,15
37:18,21
**punished** 36:17,21
36:24 44:4
**punishment** 33:10
36:13 37:3,15
**purpose** 19:10
**putting** 42:19
**p.m** 47:5 48:16

**Q**
**question** 8:10 10:13
10:14 22:19 46:8
**questions** 43:8
**quite** 39:1
**quote** 11:3 12:3
13:4 15:21 16:11
17:13 27:19,25
29:13,15 30:4,9

34:13,16,19,20
35:13,22,25 37:14
44:5,17
**quotes** 43:3
**quoting** 28:24
29:17

**R**
**R** 49:2
**raise** 12:3 28:25
**range** 15:24
**rape** 22:5 44:23
**rapists** 21:17
**rate** 20:21
**rationale** 48:6
**reach** 37:19
**reaching** 35:4
42:21
**read** 6:10 27:15
30:23 37:16
**reading** 10:20
35:14 37:8 44:1
**realized** 33:7
**rearrested** 21:15
21:20 22:9
**reason** 6:25 14:25
15:21 16:14 17:9
28:12 31:4
**reasonable** 8:5 15:2
16:21 23:17 24:2
24:20
**reasonableness**
19:7
**reasons** 11:21
12:22 22:18 28:5
**rebuttal** 8:19,23
**rebutted** 27:24
**recall** 30:2
**receipt** 13:16
**receive** 20:15
**received** 10:24
41:23
**receiving** 25:15
**recess** 46:20,25
47:2,4
**recidivism** 20:21
24:18 32:11,14,18

**recited** 19:23
**recognize** 38:8
**recognized** 15:21
**recognizing** 30:10
**record** 5:17 21:4
30:5,17 31:15,17
32:25 41:17 47:10
47:12
**recorded** 1:21
**recording** 1:21
**recordings** 49:7
**redigging** 31:18
**reduce** 20:13
**reducing** 24:23
**reference** 37:2
**referred** 42:6
**refers** 37:15
**reflect** 45:18 47:10
**refusal** 28:13
**regarding** 27:20
28:20 30:4 42:5
**regardless** 11:15
20:8,19
**REGION** 1:23
**Registered** 49:4
**regrettable** 31:11
**Rehlander** 38:16
**rejected** 17:7
**released** 21:20 22:8
33:3
**relevant** 42:12 45:9
**relief** 30:3,8,14
31:4,25 32:16,19
32:21,22 33:23
35:11 38:23 39:9
41:5 44:15,17,18
44:25
**relies** 34:4
**remain** 47:1,7
**remind** 9:3
**Reno** 43:11
**repeated** 31:15
**repeatedly** 25:13
**Reporter** 49:5
**REPORTING** 1:23
**reputation** 30:6
**requires** 15:21

33:19
**research** 48:3
**respect** 26:24 33:1
**respectively** 4:23
18:13
**respond** 10:11
**responded** 33:21
**response** 29:16
35:13 36:4
**responses** 5:4
**responsibilities**
15:5 25:10
**responsible** 16:11
16:25 23:15 25:12
32:4
**restored** 24:12
44:11
**restricting** 20:11
**restrictive** 37:24
**result** 6:23 47:24
**return** 46:21
**reverse** 7:8
**review** 19:3 45:3
**reviewed** 41:2
**Riess** 2:2 3:4 5:25
6:1,3,4,13,16 7:3
7:14,15,19,22 8:7
9:13,16,18,20,21
14:6,12,14,17,21
16:16,20 18:5,18
18:22,24 19:1,21
19:24 20:1 21:5,9
21:24 22:4,13,17
42:3,9 45:12,16
45:22
**right** 5:19,21 6:17
7:19 8:9,16 9:14
16:11 18:25 21:8
23:14 26:1 36:2
38:9 39:12 41:24
46:19
**rights** 24:11 25:8,9
25:11 34:17 43:23
44:11
**rise** 4:2 48:12
**risk** 24:18 31:9
32:14,18 41:3

**risky** 20:4
**Roberts** 35:6,15
**Room** 2:3,7
**Rozier** 13:17
**RPR** 2:11 49:15
**rule** 7:25 29:12
  42:24 43:16
**rules** 26:7

**S**

**s** 3:10 17:8 19:7
**safety** 23:20 24:23
  30:7 32:4,6
**Salerno** 23:22 27:3
**satisfactory** 7:13
  7:17 9:8,11
**satisfied** 16:15
  30:16
**saying** 18:3
**says** 6:10 7:24 12:3
  15:14 44:15
**scale** 33:18
**Schrader** 11:7
  24:25 37:11
**scope** 12:17,21 23:3
  23:9
**scrutiny** 11:18 23:5
  23:10,12 24:24
  28:4,4,7
**se** 34:14
**seated** 4:5 5:23
  47:1,7
**Sebelius** 43:2
**second** 8:18 12:7
  13:23,23 14:25,25
  16:10,19 19:2,23
  23:1,3,9 25:6,10
  26:19 28:10,12
  29:4,20 30:20
  34:12,17,18 38:4
  38:18 43:23 45:18
**Section** 10:16 22:19
  26:15,20,21 27:7
  30:2 34:8,18
  35:20 36:10,16,20
  37:7
**seduced** 15:23

**see** 36:16 37:21
  40:22 41:14
**seeing** 41:10
**seen** 38:11
**selection** 33:4
**self-control** 25:19
**sense** 23:13 28:15
  37:14 44:1
**sent** 33:5,6,11
**sentence** 26:14
  36:23 40:18,23
  41:23
**sentencing** 33:12
  36:5
**separate** 6:22
**serious** 15:10 17:20
  19:19 20:7,10
  40:5,13 43:8,12
**seriously** 30:23
**served** 21:12
**service** 1:21
**session** 4:4 47:8
**set** 8:24 22:25
  24:10 46:3,5
**Seventh** 13:20
**seven-year** 21:13
**severe** 25:18
**sex** 21:11
**sexual** 10:4 20:20
  20:24 21:18 22:6
**sheet** 45:1
**shining** 28:8
**shoot** 8:2
**show** 12:10,20
  22:21 29:6,22
**showing** 20:24
  21:10 24:15
**shown** 15:3 24:20
**shows** 29:19 44:13
  45:3,7
**sic** 8:21 31:13
**side** 26:8 33:18
  47:15 48:5
**sides** 8:11
**significant** 24:18
**similar** 11:21 13:18
**similarly** 10:3

  12:12 29:8
**simple** 18:13
**simply** 26:17 28:9
  28:15 29:21
**single** 16:8
**sister** 13:4
**sit** 9:6
**sitting** 11:8
**situation** 40:21
**society** 12:14 29:10
  29:15 31:10 41:16
  41:21,22
**somebody** 32:22
  40:10
**sorry** 6:9 16:13
  18:2
**sort** 46:6
**sound** 1:21 49:6
**SPEAKERS** 4:8
**speaks** 32:10 45:24
**specifically** 17:7
  20:11 31:7
**specified** 36:13
  37:3
**spends** 39:24
**stake** 38:10
**standard** 11:22
  22:23,24 23:16
  35:16,17 43:4
  46:4,6,7
**stands** 29:21
**started** 4:14
**state** 11:3 20:9
  21:25 24:6 31:23
  33:5,6 35:23,23
  36:7,9 39:7 40:4
  40:14,15 41:1
**stated** 16:10 20:2
  31:8
**statement** 27:20
  42:11 44:6 45:8
**statements** 24:12
  31:15
**states** 1:1,4,8 4:3
  4:21 17:9
**statistics** 32:11
**status** 4:15

**statute** 10:23 11:9
  12:18 26:8,22,23
  27:1 30:11 35:14
  37:4,9,18,20
  43:14 44:21
**statutes** 19:4 27:21
  43:11
**statutory** 10:13,20
  21:17 22:5 25:2,5
  35:10 36:14 38:3
  38:22,25
**stayed** 31:18
**stiffer** 41:23
**stolen** 13:16 25:16
**strange** 37:13
**street** 1:11,24 14:2
  14:18
**stretch** 15:21
**strict** 23:12,13 28:7
**studies** 20:23 24:15
  32:23 33:2
**study** 21:10,16,23
  21:24 22:3,6,12
  33:2,14 48:3
**subject** 36:10,12
**submit** 30:15 33:6
  33:17 35:9 38:19
  38:23 39:10 43:18
  44:11 45:2,5
**submitted** 20:19,23
  21:2,5 24:14 32:8
  32:24 34:5,9 39:6
  42:4
**subsequent** 44:12
  45:6
**substances** 15:9
**substantial** 19:5
  20:16
**succeed** 11:20,21
  12:2 46:10
**successful** 12:4
  28:25 30:21
**suffice** 8:14
**sufficient** 40:24
**suggest** 6:19 17:4
  43:15
**suggesting** 31:17

**suggestions** 36:3
**suggests** 31:9 39:18
**sui** 33:24
**Suite** 1:11,24
**summary** 5:2,3 7:5
  7:6,9,11 21:6
  25:22 47:14,20,21
**Superior** 15:20
**superseded** 38:6
**supplemental** 42:4
  42:11
**support** 7:4,9 13:8
**supporting** 11:6
  13:19
**suppose** 29:1 31:1
  34:23
**Supreme** 12:24
  17:10 19:9,15
  23:22 27:23 35:4
  38:24 42:5 43:7
  43:10
**sure** 16:20 38:8
  46:13
**surprising** 28:5
**surrebuttal** 8:20,23
**surrounding** 41:12
**system** 32:3

**T**

**T** 1:14 3:10 5:10
  49:2,2
**take** 27:14 30:23
  46:23 48:1,7
**taken** 27:4
**takes** 9:15
**talked** 45:24
**talking** 9:2,6 22:2
  43:3
**talks** 46:10
**teaches** 41:7
**teenaged** 10:5 16:4
**tell** 8:4 16:18 22:1
**tells** 38:24 39:22
  41:11
**ten** 44:18
**term** 9:23 35:21,24
  36:24 37:5,15

terms 37:12
test 24:19 28:14
  46:4
Texas 13:10
thank 4:16 5:23
  9:18 19:25 25:24
  25:25 26:3 41:24
  45:11,12
Thanks 39:11
theft 13:8
theirs 35:13
theoretical 8:22
theory 32:22 34:25
thing 7:8 31:20
things 19:13 27:10
think 8:4,7,7,21
  9:14 27:17 31:21
  46:11
third 10:18,21 11:1
  11:16 12:15 13:22
  16:14 17:2 18:14
  19:3 20:14 22:25
  25:4 27:13 28:2
  28:12,23 29:25
  30:22 34:3 43:21
  45:19
threat 12:13 29:10
  29:15 41:16,20,21
three 21:21 22:9,15
throwing 17:19
thumb 42:20
ties 16:9
time 7:20 8:4,10,24
  9:4 16:5 18:14
  25:19 35:2,2
  37:25 38:5 39:24
  40:14
timekeeper 9:1
times 21:12
Tobacco 1:5 4:22
today 10:9,11
  28:11 38:1
Todd 1:5 4:20
told 28:23
total 6:22
trade 24:9
TRANSCRIBER

2:11
transcript 1:7,21
  49:6
transcription 1:21
treaty 42:14,16
true 17:16 33:22
  49:6
trust 15:19
trying 16:18
turn 22:22 39:21
two 6:22,22,24
  10:12 12:8 13:25
  14:5,8,16,21 24:7
  28:5 35:25 36:25
  37:6 38:21 40:6
  47:14
two-step 46:4
type 33:10 38:11
typical 12:11 29:7
  29:14 41:15,19

        U
ultimate 41:13
unacceptable 32:18
unconstitutional
  10:10 11:14 26:23
  34:8 43:14
underage 15:14,15
  16:5
underlying 15:1
  41:10
understand 7:22
  15:22 38:7
understands 15:25
understood 36:19
unfair 24:9
unified 7:7,11
uniformly 9:25
  12:25
United 1:1,4,8 4:2
  4:21
unlawful 15:8
unprotected 34:12
unpublished 34:3
upheld 9:25 11:23
  12:18,25 13:5,10
  13:22 17:25 18:9

upholding 43:5
use 14:23 16:12
  17:1 32:1,5 37:21
  41:4
useful 27:17 28:21
users 15:8
utility 27:6 43:9
U.S 2:2,6 10:21
  38:16
U.S.C 9:21

        V
v 10:21 12:24 43:2
  43:11
VA 1:12
valid 30:12
validity 27:20
veering 30:1
vehicle 17:19
VERITEXT 1:23
versus 4:20 38:16
  47:11
victim 21:19 22:7
victims 21:13
victim's 21:18 22:7
viewed 33:12
violated 34:17
violates 34:18
violations 26:25
violence 24:17
  30:24 31:12,13
  39:5,23 40:1 41:8
  41:8
violent 10:2 13:2
  14:24 25:15 26:24
  31:9
voluntary 44:22
vs 1:3

        W
wait 9:3,5
want 4:13 8:1 35:4
wanted 40:18
wants 43:21
warrant 33:9 38:23
Washington 2:4,8
way 36:15,18 37:25

43:22 48:6
weapons 14:23
  42:14,16
week 35:3
weren't 13:1 43:21
Westlaw 13:11
we'll 8:16,23
we're 23:13 45:23
we've 6:18 20:19
  20:23 21:1 23:24
  24:14,20 32:25
  38:11 39:6 45:1
whatsoever 34:5
  38:2,3
wholesome 30:12
wife 42:18
wish 8:1
wishes 45:2
woman 42:15
word 29:11
words 37:3
works 37:9
wouldn't 23:13

        X
X 3:1,10

        Y
Y 2:11 49:4,15
year 9:24 24:5
  35:22 37:19
years 10:5,7 11:4
  17:5,22 18:6
  21:14,15,21 22:9
  22:15 24:7 25:20
  30:19 31:19 35:25
  36:25 37:6 40:19
  41:1 44:4,4,18
young 21:19 22:7

        1
1 10:13,15,20 11:1
  11:6,23 12:17,21
  13:5,10,24 15:7
  17:8 18:8 19:7
  20:6 23:18 24:3
  24:20 34:18 36:6

40:16
10 5:4 29:17 44:4
10:08 1:6
105 1:11
11:09 47:5
12:10 47:5
12:13 48:16
13 21:14
13-cv-06750 4:24
14 16:7
16 1:6
18 9:21 21:14
1800 1:24
1801 1:24
19010 1:15
19103 1:24
1993 18:13
1995 18:11,13,19
1998 17:23 18:7
  41:22

        2
2 10:14 11:13 35:12
20 2:3,7 5:2 7:23
20001 2:4
2011 18:12,22,23
2012 18:10,21
2013 18:21
2014 1:6 5:2,4
  13:11 49:15
202 2:4,8
20530 2:8
22 49:15
22314 1:12
2445788 13:12
25 8:8,13,17,25 9:2
  10:5 44:4
26 3:5

        3
3 15:8
30 46:20 47:2
30-minute 46:25
305 1:11
353-3098 2:4
37 21:11

| **4** | **925** 1:15 |
|---|---|
| **4** 3:3 | **925(c)** 30:2 |
| **41-year-old** 16:3 | |
| **42** 3:4 | |
| **46** 21:21 22:3,4 | |
| **47** 3:3 | |

**5**
**5:13-cv-06750-J...**
  1:3
**514-3481** 2:8
**520-6181** 1:16

**6**
**6** 15:9
**610** 1:16
**6105(d)** 44:14
**6122** 2:3

**7**
**703** 1:12
**7220** 2:7
**73** 21:17 22:13
**777-6690** 1:25

**8**
**8:45** 4:14
**835-9085** 1:12
**888** 1:25

**9**
**9** 3:4
**921(a)(20)** 35:20
  36:10
**921(a)(20)'s** 37:7
**921(a)(20)(B)** 36:16
**921(a)(20)(B)(2)**
  37:12,16
**922(g)** 20:3 30:11
  39:4
**922(g)(1)** 9:21
  10:10,16 12:25
  17:25 22:20 23:8
  25:13 26:16,20,21
  27:7 34:9 44:2
**922(g)(1)'s** 36:20
**922(g)(4)** 38:15

# REQUIRED CERTIFICATIONS

I hereby certify that on February 19, 2015, I electronically filed the foregoing appendix with the Clerk of this Court by using the appellate CM/ECF system. The participants in this case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

I further certify to the following:

As counsel for the federal government, I am not required to be a member of the bar of this Court.

The text of the electronic appendix is identical to the text in the paper copies.

The electronic appendix has been scanned for viruses and found to be virus free.

_/s/ Patrick G. Nemeroff_
Patrick G. Nemeroff