Nos. 14-4549, 14-4550, 15-1975, 15-1976

# In the United States Court of Appeals for the Third Circuit

DANIEL BINDERUP,
        Plaintiff-Appellee/Cross-Appellant,

v.

ATTORNEY GENERAL OF THE UNITED STATES, et al.,
        Defendants-Appellants/Cross-Appellees.

Appeal from a Judgment of the United States District Court,
E.D. Pa. No. 13-6750-JKG, The Hon. James Knoll Gardner

---

JULIO SUAREZ,
        Plaintiff-Appellee/Cross-Appellant,

v.

ATTORNEY GENERAL OF THE UNITED STATES, ET AL.,
        Defendants-Appellants/Cross-Appellees.

Appeal from a Judgment of the United States District Court,
M.D. Pa. No. 14-968-WWC, The Hon. William W. Caldwell

## SUPPLEMENTAL BRIEF OF APPELLEES/CROSS-APPELLANTS

| | |
|---|---|
| Douglas Gould | Alan Gura |
| PIZONKA, RIELLEY, BELLO |   Counsel of Record |
|   & MCGRORY, P.C. | GURA & POSSESSKY, PLLC |
| 144 E. DeKalb Pike, Suite 300 | 916 Prince Street, Suite 107 |
| King of Prussia, PA 19406 | Alexandria, VA 22314 |
| 610.992.1300/610.992.1505 | 703.835.9085/703.997.7665 |
| | |
| May 19, 2016 | *Counsel for Appellees/ Cross-Appellants* |

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.      Plaintiffs Have Pre-Enforcement and Non-Applicant Standing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.     At most, Section 925(c)'s Retraction Confirms Standing.. . . 4

    III.    People Change. So Does the Wisdom of Disarming Them... 8

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Bar Membership

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

Cases

*Am. Bus Ass'n* v. *Rogoff*,
     649 F.3d 734 (D.C. Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bach* v. *Pataki*,
     408 F.3d 75 (2nd Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Chastleton Corp.* v. *Sinclair*,
     264 U.S. 543 (1924). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cohens* v. *Virginia*,
     19 U.S. (6 Wheat.) 264 (1821). . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Dearth* v. *Holder*,
     641 F.3d 499 (D.C. Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*District of Columbia* v. *Heller*,
     554 U.S. 570 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*DKT Mem'l Fund, Ltd.* v. *Agency for Int'l Dev.*,
     810 F.2d 1236 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Home Bldg. & Loan Ass'n* v. *Blaisdell*,
     290 U.S. 398 (1934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Horsley* v. *Trame*,
     808 F.3d 1126 (7th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kress, Dunlap & Lane, Ltd.* v. *Downing*,
     286 F.2d 212 (3d Cir. 1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Leary* v. *United States*,
     395 U.S. 6 (1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McDonald* v. *City of Chicago*,
    561 U.S. 742 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

*Medimmune, Inc.* v. *Genentech, Inc.*,
    549 U.S. 118 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

*Milnot Co.* v. *Richardson*,
    350 F. Supp. 221 (S.D. Ill. 1972). . . . . . . . . . . . . . . . . . . . . . . . 9

*NRA* v. *BATFE*,
    700 F.3d 185 (5th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Petruska* v. *Gannon Univ.*,
    462 F.3d 294 (3d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Pontarelli* v. *United States Dep't of the Treasury*,
    285 F.3d 216 (3d Cir. 2002) (en banc). . . . . . . . . . . . . . . . . 1, 5-7

*Revell* v. *Port Auth. of N.Y. & N.J.*,
    321 Fed. Appx. 113 (3d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . 3

*Santos* v. *City of Houston*,
    852 F. Supp. 601 (S.D. Tex. 1994). . . . . . . . . . . . . . . . . . . . . . 10

*Schrader* v. *Holder*,
    704 F.3d 980 (D.C. Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Teixeira* v. *Cnty. of Alameda*, No. 13-17132,
    2016 U.S. App. LEXIS 8925 (9th Cir. May 16, 2016). . . . . . . . . . . 8

*United States* v. *Barton*,
    633 F.3d 168 (3d Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States* v. *Bean*,
    537 U.S. 71 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4-7

*United States* v. *Carolene Prods. Co.*,
    304 U.S. 144 (1938). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*United States* v. *Rehlander*,
    666 F.3d 45 (1st Cir. 2012).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States* v. *Smith*,
    73 F.3d 1414 (6th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Valley Forge Christian Coll.* v. *Ams. United for*
    *Separation of Church and State, Inc.*,
    454 U.S. 464 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Statutes and Rules

5 U.S.C. § 706(2)(A).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. § 922(g)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

18 U.S.C. § 925(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

18 U.S.C. § 925A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

APPELLEE/CROSS-APPELLANT'S SUPPLEMENTAL BRIEF

INTRODUCTION

1. Plaintiff misdemeanants have not "bypasse[d]" application to ATF under 18 U.S.C. § 925(c). Court's Letter, May 9. As Section 925(c) applications do not exist, there was nothing to "bypass." Nor does ATF adjudicate constitutional disputes. As the D.C. Circuit held, Section 925(c)'s retraction *confirms* standing to bring as-applied constitutional challenges to 18 U.S.C. § 922(g)(1). In retracting an administrative exemption from a statutory disability, Congress did not implicitly amend the Declaratory Judgment Act to bar courts from remedying a constitutional injury.

Binderup and Suarez have both non-applicant and pre-enforcement standing to challenge the constitutionality of Section 922(g)(1)'s application against them, a matter of the sort never considered in *United States* v. *Bean*, 537 U.S. 71 (2002) or *Pontarelli* v. *United States Dep't of the Treasury*, 285 F.3d 216 (3d Cir. 2002) (en banc). *Bean* and *Pontarelli* are inapposite—they are limited to the mechanics of Section 925(c). Neither case included a claim of constitutional injury, preceding as they did the Second Amendment's recent revival.

2. Courts must always remain open to evidence that facts have overtaken legislation, such that laws once valid are no longer so, even though legal standards have remained static.

STATEMENT OF FACTS

Binderup and Suarez intend to acquire firearms, but refrain from doing so as they reasonably fear arrest, prosecution, incarceration and fine under Section 922(g)(1). See 2 *Binderup* App. 122, ¶ 2, 123, ¶ 9; 2 *Suarez* App. 73, ¶ 1; 75-76, ¶¶ 20-22; 85, ¶ 1; 87, ¶¶ 20-22.

Consumers purchasing firearms from licensed dealers must declare under penalty of perjury whether they have been convicted of a disqualifying offense. 2 *Suarez* App. 75, ¶ 18; 86, ¶ 18. If they answer "yes," the transaction must be cancelled. *Id.* at 75, ¶ 19; 87, ¶ 19. Binderup and Suarez are unwilling to lie. *Id.* at 76, ¶ 23; 87, ¶ 23; 2 *Binderup* App. 123, ¶ 10. A licensed dealer confirmed for Binderup that he cannot complete a firearms purchase. *Id.* at 124, ¶ 11.

ARGUMENT

I. PLAINTIFFS HAVE PRE-ENFORCEMENT AND NON-APPLICANT STANDING.

> [W]here threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat—for example, the

constitutionality of a law threatened to be enforced. The plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction.

*Medimmune, Inc.* v. *Genentech, Inc.*, 549 U.S. 118, 128-29 (2007). In the Supreme Court's pre-enforcement precedent,

> the plaintiff had eliminated the imminent threat of harm by simply not doing what he claimed the right to do . . . That did not preclude subject-matter jurisdiction because the threat-eliminating behavior was effectively coerced.

*Id.* at 129 (citations omitted).

> The dilemma posed by that coercion–putting the challenger to the choice between abandoning his rights or risking prosecution–is "a dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate."

*Id.* (quotation omitted); see also *Revell* v. *Port Auth. of N.Y. & N.J.*, 321 Fed. Appx. 113, 117 (3d Cir. 2009).

The Government did not challenge Binderup's declaration that he refrains from obtaining firearms only on account of Section 922(g)(1). It conceded Suarez's assertions along these lines. And it has always contended that Plaintiffs are subject to Section 922(g)(1). Pre-enforcement standing is unassailable. But there is more.

"The Supreme Court has recognized that otherwise qualified non-applicants may have standing to challenge a disqualifying statute

3

or regulation." *DKT Mem'l Fund, Ltd.* v. *Agency for Int'l Dev.*, 810 F.2d 1236, 1238 (D.C. Cir. 1987) (citation omitted). Consumers barred from purchasing firearms owing to a federal disqualification have standing to assert a constitutional challenge. *NRA* v. *BATFE*, 700 F.3d 185, 191-92 (5th Cir. 2012); *Dearth* v. *Holder*, 641 F.3d 499 (D.C. Cir. 2011).[1]

II. AT MOST, SECTION 925(C)'S RETRACTION CONFIRMS STANDING.

Had Section 925(c) never been enacted, its absence would not cast doubt on Plaintiffs' standing.

Testing "the constitutionality of a law threatened to be enforced," *Medimmune*, 549 U.S. at 129, has nothing to do with seeking an administrative exemption. "[A]s a general rule, an administrative agency is not competent to determine constitutional issues." *Petruska* v. *Gannon Univ.*, 462 F.3d 294, 308 (3d Cir. 2006) (citations omitted); cf. *Bean*, 537 U.S. at 77 (ATF is the "primary decisionmaker" under Section 925(c)). Plaintiffs did not "bypass" the currently retracted

---

[1] Binderup even tested the law, though futile acts are not required to confirm standing. *Horsley* v. *Trame*, 808 F.3d 1126, 1129 (7th Cir. 2015); *Bach* v. *Pataki*, 408 F.3d 75, 82-83 (2nd Cir. 2005), *overruled on other grounds, McDonald* v. *City of Chicago*, 561 U.S. 742 (2010).

4

Section 925(c).[2] They sought to vindicate a fundamental right in the only proper forum for that determination: an Article III court.

Section 925(c) *might* trigger administrative exhaustion—were it available. But Section 925(c)'s retraction confirms the process Plaintiffs invoked. Congress should "consider lifting the prohibition on the use of appropriated funds for the implementation of section 925(c)," for "[w]ithout the relief authorized by section 925(c), the federal firearms ban will remain vulnerable to a properly raised as-applied constitutional challenge . . . ." *Schrader* v. *Holder*, 704 F.3d 980, 992 (D.C. Cir. 2013). This Court should follow the D.C. Circuit on this point. As Judge McKee's *Pontarelli* concurrence offered, it is hard enough to find Section 925(c) implicitly repealed. Holding that its defunding amended *the Declaratory Judgment Act* would be several steps too far.[3]

And just as Plaintiffs here invoked only their constitutional right, and not any administrative process, *Bean* and *Pontarelli* plaintiffs invoked *only* Section 925(c), and not the Second Amendment, then a

---

[2]Congressional defunding of an administrative process acts as a "retraction" of that process, and may not violate an independent right of petition. *Am. Bus Ass'n* v. *Rogoff*, 649 F.3d 734, 741 (D.C. Cir. 2011).

[3]Other relief provisions, *e.g.*, Section 925A, likewise remain intact.

5

dead letter in this and most courts. *Bean* "consider[ed]" only whether notwithstanding the provision's defunding, "a federal district court has authority under 18 U.S.C. § 925(c) to grant such relief." *Bean*, 537 U.S. at 72. Bean brought suit "[r]elying on the judicial review provision in § 925(c)." *Id.* at 73. But the Court held that "[i]naction by ATF does not amount to a 'denial' within the meaning of § 925(c) . . . mere inaction by ATF does not invest a district court with independent jurisdiction to act *on an application.*" *Id.* at 75-76 (emphasis added). "[J]udicial review *under § 925(c)* cannot occur without a dispositive decision by ATF," and the standard for that review is administrative, per the APA: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* at 77 (quoting 5 U.S.C. § 706(2)(A)) (emphasis added).

Likewise, *Pontarelli* asked whether "district courts have jurisdiction under 18 U.S.C. § 925(c) to review" claims notwithstanding that law's defunding. *Pontarelli*, 285 F.3d at 217. This Court "conclude[d] that because the appropriations ban suspends ATF's ability to issue the 'denial' that § 925(c) makes a prerequisite, it effectively suspends *that statute's* jurisdictional grant." *Id.* at 218 (emphasis added). Pontarelli claimed only that the district court could consider his Section 925(c)

6

application. *Id.* at 219. Indeed, *Pontarelli* observed that Congress defunded Section 925(c) because it mistrusted the ATF's expertise and preferred to spend the money elsewhere. But even if "Congress did not intend for district courts to review individual felons' *§ 925(c) applications* in the first instance," *id.* at 226 (emphasis added) (footnote omitted), it could not so easily frustrate the courts' ability to adjudicate disfavored constitutional rights. See NRA Suppl. Br. at 4-5. This Court should be wary of inviting Congress to repeal its jurisdiction to consider this or that constitutional right.

*Bean* and *Pontarelli*'s point about ATF being better suited to resolve such claims is now only an argument for restoring 925(c) funding. *Schrader*, supra. For all intents and purposes, *District of Columbia* v. *Heller*, 554 U.S. 570 (2008) acts as an intervening constitutional amendment. Cf. *United States* v. *Rehlander*, 666 F.3d 45, 47-48 (1st Cir. 2012). Concerns about the courts' supposed difficulties in securing this fundamental right were answered long ago:

> The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the

7

> exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution. *Questions may occur which we would gladly avoid; but we cannot avoid them*. All we can do is, to exercise our best judgment, and conscientiously to perform our duty.

*Cohens* v. *Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821) (emphasis added). No constitutional right is "in some way less 'fundamental' than" others. *Valley Forge Christian Coll.* v. *Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 484 (1982). "[W]e know of no principled basis on which to create a hierarchy of constitutional values or a complementary 'sliding scale' of standing . . . ." *Id.* (footnote omitted). The Second Amendment does not secure a "second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees . . . ." *McDonald*, 561 U.S. at 780; *Teixeira* v. *Cnty. of Alameda*, No. 13-17132, 2016 U.S. App. LEXIS 8925, at *39 (9th Cir. May 16, 2016). Jurisdiction here is not optional.

III. PEOPLE CHANGE. SO DOES THE WISDOM OF DISARMING THEM.

"[T]he constitutionality of a statute predicated upon the existence of a particular state of facts may be challenged by showing to the court that those facts have ceased to exist." *United States* v. *Carolene Prods. Co.*, 304 U.S. 144, 153 (1938); *Leary* v. *United States*, 395 U.S. 6, 38 n.

8

68 (1969). "As judges, we should no longer remain wedded to that which experience shows is neither rational nor fair." *United States* v. *Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996) (Jones, J., concurring).

The changed circumstance doctrine contains no time limit. "[S]o far as [a legislative] declaration looks to the future it can be no more than prophecy and is liable to be controlled by events." *Chastleton Corp.* v. *Sinclair*, 264 U.S. 543, 547 (1924). "It is *always* open to judicial inquiry whether the exigency still exists upon which the continued operation of the law depends." *Home Bldg. & Loan Ass'n* v. *Blaisdell*, 290 U.S. 398, 442 (1934) (citation omitted) (emphasis added).

> That a legislative body cannot for all time insulate its determinations from judicial inquiry into the continued existence of the legislative facts upon which the constitutionality of the legislation is dependent is well settled.

*Kress, Dunlap & Lane, Ltd.* v. *Downing*, 286 F.2d 212, 214 (3d Cir. 1960) (citations omitted). The statute at issue in *Carolene Prods.* was invalidated 34 years later on changed circumstances grounds. See *Milnot Co.* v. *Richardson*, 350 F. Supp. 221, 225 (S.D. Ill. 1972). Houston's jitney service ban, enacted in 1924 to protect a long-gone streetcar industry, was finally struck down seventy years later as

"archaic and no longer relevant." *Santos* v. *City of Houston*, 852 F. Supp. 601, 608-09 (S.D. Tex. 1994).

Assuming that Section 922(g)(1) once properly advanced an interest in disarming dangerous people, whether it still "fits" its purpose would be a function of legislative evolution. Increasing criminalization of relatively minor offenses, expanding the population subject to Section 922(g)(1), may yet render the law overbroad. Similarly, in the instant as-applied context, one whose circumstances warrant disarmament upon conviction may later present different circumstances, as this Court correctly recognized. *United States* v. *Barton*, 633 F.3d 168 (3d Cir. 2011). Even if they could have once been disarmed, Plaintiffs' present circumstances cannot sustain Section 922(g)(1)'s application.

## CONCLUSION

The Court's questions are answered: (1) No; (2) Per the evidence.

Dated: May 19, 2016 Respectfully submitted,

/s/ Alan Gura

| | |
|---|---|
| Douglas Gould | Alan Gura |
| PIZONKA, RIELLEY, BELLO | Counsel of Record |
| & MCGRORY, P.C. | GURA & POSSESSKY, PLLC |
| 144 E. DeKalb Pike, Suite 300 | 916 Prince Street, Suite 107 |
| King of Prussia, PA 19406 | Alexandria, VA 22314 |
| 610.992.1300/610.992.1505 | 703.835.9085/703.997.7665 |

*Counsel for Appellees/Cross-Appellants*

CERTIFICATION OF BAR MEMBERSHIP

    I certify that I am an attorney in good standing of the bar of the Third Circuit.

                      /s/ Alan Gura
                      Alan Gura

    DATED: May 19, 2016

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the Court's briefing order of May 9, 2016, as it does not exceed ten pages.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionately spaced typeface using WordPerfect X4 in 14 point Century Schoolbook font.

3. This file was scanned for viruses using a currently-subscribed Norton 360 Anti-Virus installation and was found to be virus-free.

       /s/ Alan Gura
       Alan Gura
       Attorney for Plaintiff-Appellee/Cross-Appellant
       Dated: May 19, 2016

CERTIFICATE OF SERVICE

On this, the 19th day of May, 2016, I electronically filed the attached Brief with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. Participants in this appeal are registered CM/ECF users who will be served by the CM/ECF system on May 19, 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 19th day of May, 2016.

/s/ Alan Gura
Alan Gura