

916 PRINCE STREET, SUITE 107
ALEXANDRIA, VIRGINIA 22314
TEL 703.835.9085
FAX 703.997.7665

WWW.GURAPOSSESSKY.COM

June 8, 2016

The Hon. Marcia M. Waldron
Clerk, United States Court of Appeals
  for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

    Re:  *Daniel Binderup* v. *Att'y General*
           Nos. 14-4549/14-4550/15-1975/15-1976

    Supplemental Authority per Fed. R. App. P. 28(j)

Dear Ms. Waldron:

    At argument, the Court inquired whether Suarez regained his federal firearms rights upon restoration of his jury right, and whether Binderup pursued expungement in Pennsylvania.

    [A]n individual is not qualified for jury service if [(s)he]] . . .

    (4) Has been convicted . . . of a crime punishable by imprisonment exceeding 6 months and received a sentence of imprisonment for more than 6 months; or

    (5) Has a charge pending . . . for a crime punishable by imprisonment exceeding 6 months.

Md. Code Ann., Courts & Judic. Proc. § 8-103(b). Suarez temporarily lost his jury right owing to the pendency of charges, but his conviction did not occasion a loss of the jury right, owing to the short sentence.[1]

---

[1] Suarez never lost the right to vote. Md. Code Ann., Elections § 3-102(b) (voting right lost for felony conviction, and for buying and selling

Section 921(a)(20) defines convictions triggering the federal firearms disability, excluding "[a]ny conviction . . . for which a person . . . has had civil rights restored."

"Section 921(a)(20) sets out postconviction events . . . that extend to an offender a measure of forgiveness, relieving him from some or all of the consequences of his conviction." *Logan* v. *United States*, 552 U.S. 23, 26 (2007). Rights restoration is "a measure by which the government relieves an offender of some or all of the consequences of his conviction." *Id.* at 32. It is a "token of forgiveness from the government." *Id.* Congress "sought to defer to a State's dispensation relieving an offender from disabling effects of a conviction." *Id.* at 37. Suarez's conviction is not, per *Logan*, one for which he lost the jury right, or for which the jury right was restored.[2]

Binderup will not be eligible for an expungement until he either reaches the age of 70, or is dead for three years. 18 Pa. C.S. § 9122(b).

Sincerely,

/s/ Alan Gura

Alan Gura
Counsel for Plaintiffs-Appellees

---

votes). Accordingly, neither did Suarez lose the right to hold public office, reserved to registered voters. Md. Const., art. I, § 12.

[2]Maryland offers no rights restoration procedure. *United States* v. *El*, 5 F.3d 726, 734 (4th Cir. 1993).

Certificate of Compliance

This letter complies with the word count limitation of Fed. R. App. 28(j), as its body contains 342 words as automatically totaled by WordPerfect X4.

        /s/ Alan Gura
        Alan Gura

Certificate of Service

On this, the 8th day of June, 2016, I electronically filed the attached Letter with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. Participants in this appeal are registered CM/ECF users who will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

        /s/ Alan Gura
        Alan Gura