NATIONAL RIFLE ASSOCIATION OF AMERICA
OFFICE OF THE GENERAL COUNSEL
11250 WAPLES MILL ROAD
FAIRFAX, VIRGINIA 22030

(703) 267-1250
(703) 267-3985 fax



July 7, 2016

By CM/ECF
Marcia M. Waldron, Clerk
U.S. Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, Pennsylvania 19106

Re: Daniel Binderup v. Attorney General United States
    Case No. 14-4549/14-4550

Dear Ms. Waldron:

In accordance with the Court's June 28, 2016 order, we write to address the "effect, if any, of the Supreme Court's decision in *Voisine v. United States*, No. 14-10154, on the pending appeals."

Binderup's claims arise under an as-applied constitutional challenge to 18 U.S.C. § 922(g)(1). Voisine and Armstrong both raised statutory *mens rea* defenses under 18 U.S.C. § 922(g)(9) prosecutions. *Voisine v. United States*, No. 14-10154, slip. op. at 2-3 (S. Ct. June 27, 2016). Therefore, *Voisine* should have no effect on this Court's decision in Binderup's pending case.

In *Voisine*, the Court decided "whether § 922(g)(9) applies to reckless assaults, as it does to knowing or intentional ones." *Id.* at 4. The Court discussed the statutory text and background of § 922(g)(9); and the definition of various terms related to "misdemeanor crimes of domestic violence," such as *mens rea*,[1]

---

[1] Note also that 18 U.S.C. §§ 922(g)(1) and 921(a)(20) are not concerned with the underlying conviction's *mens rea*, just the maximum possible punishment.

1

recklessness, use of physical force, etc. *Voisine*, at 5-12. The Court held that a reckless domestic assault qualifies as a "misdemeanor crime of domestic violence" in prosecutions under § 922(g)(9). *Voisine*, at 1. The Court's discussion of the terms related to "misdemeanor crimes of domestic violence," the legislative history of §922(g)(9), and the issue and the holding in *Voisine* have nothing whatsoever to do with Binderup's as-applied constitutional challenge to 18 U.S.C. § 922(g)(1).

The nature of the legal questions and issues are very different. Voisine and Armstrong's cases are based on statutory interpretation. Whereas Binderup brought an as-applied constitutional challenge. Furthermore, Voisine and Armstrong claim that their predicate convictions did not disqualify them as prohibited persons at the time of their convictions. Binderup, in contrast, claims that after nearly two decades of living an exemplary life—unlike Voisine and Armstrong—it is constitutionally impermissible to deny him the exercise of a fundamental constitutional right based on a long-ago non-violent conviction; it is irrelevant whether the original conviction was disqualifying.

Besides arising under different statutory prohibitions—and Binderup's case arising out of an as-applied challenge by a law abiding citizen, whereas Voisine's and Armstrong's cases arise out of criminal prosecutions—the facts and circumstances of the two cases and the three individuals are radically different. Unlike Voisine, a man who pled guilty to assaulting his girlfriend and Armstrong who pled guilty to assaulting his wife, Binderup has absolutely no history of violence. Additionally, while Voisine and Armstrong have found themselves in trouble with the law after their assault charges, Binderup has continued to lead an exemplary life.

In 2004, Voisine pled guilty to assaulting his girlfriend under a criminal statue which makes it a misdemeanor to "intentionally, knowingly or recklessly cause[ ] bodily injury" to another. Me. Rev. Stat. Ann., Tit. 17–A, § 207(1)(A), *Voisine*, at 2. But "Voisine again found himself in legal trouble, this time for killing a bald eagle." *Voisine*, at 2-3. The prosecution under § 922(g)(9) arose out of that subsequent criminal investigation, where Voisine's possession of firearms was discovered. *Voisine*, at 2. In 2008, Armstrong pled guilty to assaulting his wife in violation of Me. Rev. Stat. Ann., Tit. 17–A, § 207–A(1)(A). *Voisine*, at 3. The prosecution under § 922(g)(9) arose out of another separate subsequent criminal narcotics investigation "a few years later" in which his possession of multiple firearms and a large amount of ammunition was revealed. *Voisine*, at 3. These circumstances—convictions for violent acts, and subsequent criminal activity resulting in criminal investigations, which reveal the possession of firearms that lead

2

to prosecutions under § 922(g)(9)—are a far cry from Binderup's case. Instead, Binderup is a law abiding citizen who has not been in trouble with the law and who has led an exemplary life for almost two decades after his conviction arising out of a consensual affair, who is not in possession of firearms but instead files a constitutionally based as-applied challenge.

The majority opinion in *Voisine* and other cases dealing with the prohibition in 18 U.S.C. § 922(g)(9) rely extensively on the desire of congress to prevent firearms from being in the hands of domestic abusers—whether they are convicted of a felony or misdemeanor. *See Voisine*, at 1-2. Unlike Voisine and Armstrong, Binderup has never been charged with domestic abuse or assault, whether before or during his over forty years of marriage. Binderup did have an affair, which, while morally reprehensible, was consensual, both in fact and under Pennsylvania law. The offense did not involve force, abuse, threat of force, or firearms.

Again, Binderup's misdemeanor occurred in 1998—almost two decades ago. Voisine and Armstrong's domestic violence incidents occurred more recently and they were the subjects of subsequent criminal investigations and prosecutions. In short, Binderup is a family man with no record of violence, who is a peaceful and productive citizen; Voisine and Armstrong are not.

The individual involved and the facts and circumstances of Binderup's constitutional as-applied challenge are vastly different from the violent domestic abuse considered under 18 U.S.C. § 922(g)(9), and the criminal defendants and facts and circumstances considered in the *Voisine* case. Accordingly, *Voisine* has no bearing on the present matter.

Respectfully,

s/ Stefan B. Tahmassebi
Stefan B. Tahmassebi
Deputy General Counsel
NATIONAL RIFLE ASSOCIATION OF AMERICA
11250 Waples Mill Road
Fairfax, Virginia 22030
(703) 267-1259
stahmassebi@nrahq.org

Counsel for *Amicus Curiae*

cc: all counsel (via CM/ECF)

# CERTIFICATE OF SERVICE

On this, the 7th day of July, 2016, I electronically filed the attached Brief with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. Participants in this appeal are registered CM/ECF users who will be served by the CM/ECF system on July 7, 2016.

Dated: July 7, 2016

s/ Stefan B. Tahmassebi
Stefan B. Tahmassebi
Deputy General Counsel
NATIONAL RIFLE ASSOCIATION OF AMERICA
11250 Waples Mill Road
Fairfax, Virginia 22030
(703) 267-1259
stahmassebi@nrahq.org

Counsel for *Amicus Curiae*