

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W., Rm. 7217
Washington, D.C. 20530-0001

MBS:MSR:PNemeroff

Tel: (202) 305-8727

July 8, 2016

Office of the Clerk
Clerk, United States Court of Appeals
 for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:    *Suarez v. Attorney General of the United States*, Nos. 15-1975 & 15-1976, and
              *Binderup v. Attorney General of the United States*, Nos. 14-4549 & 14-4550

       Pursuant to this Court's June 28, 2016 order, appellants respectfully submit this letter to address the effect on these appeals of the Supreme Court's recent decision in *Voisine v. United States*, No. 14-10154, 2016 WL 3461559 (June 27, 2016). In that decision, the Supreme Court held that "misdemeanor assault convictions for reckless (as contrasted to knowing or intentional) conduct trigger the statutory firearms ban" under 18 U.S.C. § 922(g)(9). *Voisine*, 2016 WL 3461559, at *2.

       Section 922(g)(9) prohibits the possession of firearms by any person convicted of a "misdemeanor crime of domestic violence," which is defined to include "a misdemeanor under federal, state, or tribal law, committed by a person with a specified domestic relationship with the victim, that 'has, as an element, the use or attempted use of physical force.'" *Voisine*, 2016 WL 3461559, at *3 (quoting 18 U.S.C. § 921(a)(33)(A)). In a prior decision, *United States v. Castleman*, 134 S. Ct. 1405, 1409-10 (2014), the Supreme Court held that "offensive touching" qualifies as the use of physical force and therefore triggers section 922(g)(9), even if such conduct would not have been deemed violent for purposes of the Armed Career Criminal Act. The Court in *Castleman* "expressly left open whether a reckless assault also qualifies as a 'use' of force" that triggers section 922(g)(9). *Voisine*, 2016 WL 3461559, at *3.

In *Voisine*, the Supreme Court held that a reckless assault suffices to trigger section 922(g)(9). The Court concluded that "the word 'use' does not demand that the person applying force have the purpose or practical certainty that it will cause harm, as compared with the understanding that it is substantially likely to do so." 2016 WL 3461559, at *5. The Court explained that "[t]he harm such conduct causes is the result of a deliberate decision to endanger another—no more an accident than if the substantial risk were practically certain." *Id.* at *6 (quotation marks omitted). It further reasoned that, "[b]ecause fully two-thirds of such state laws extend to recklessness, construing § 922(g)(9) to exclude crimes committed with that state of mind would substantially undermine the provision's design." *Id.* at *5.

Finding the statute clear, the Supreme Court rejected the petitioners' argument that it should adopt a narrower construction of section 922(g)(9) "to avoid creating a question about whether the Second Amendment permits imposing a lifetime firearms ban on a person convicted of a misdemeanor involving reckless conduct." *Voisine*, 2016 WL 2461559, at *8 n.6. The Court also declined the petitioners' request that it address the constitutionality of section 922(g)(9) under the Second Amendment. *See* Pet. for Writ of Certiorari at i, 16-24, *Voisine, supra*, 2015 WL 6561881. (Although Justice Thomas expressed concerns regarding the constitutionality of section 922(g)(9) as applied to reckless conduct, *see Voisine*, 2016 WL 3461559, at *17-19 (Thomas, J., dissenting), no other Justice joined in that portion of his dissent.)

*Voisine* makes clear that a crime labeled a misdemeanor may be disqualifying even if it involves conduct that is reckless rather than intentional, and where the risk of resulting injury is uncertain. *See, e.g., Voisine*, 2016 WL 3461559, at *5 (statutory language could encompass a case in which a husband "throws a plate in anger against the wall near where his wife is standing . . . . even if the husband did not know for certain (or have as an object), but only recognized a substantial risk, that a shard from the plate would ricochet and injure his wife"); *id.* (statutory language could apply "if [a person] slams the door shut with his girlfriend following close behind . . . regardless of whether he thinks it absolutely sure or only quite likely that he will catch her fingers in the jamb").

Sincerely,

*s/ Patrick G. Nemeroff*

PATRICK G. NEMEROFF
U.S. Department of Justice
Appellate Staff, Civil Division

2

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2016, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Patrick G. Nemeroff*
PATRICK G. NEMEROFF