

916 PRINCE STREET, SUITE 107
ALEXANDRIA, VIRGINIA 22314
TEL 703.835.9085
FAX 703.997.7665

WWW.GURAPOSSESSKY.COM

July 8, 2016

The Hon. Marcia M. Waldron
Clerk, United States Court of Appeals
  for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

    Re:   *Daniel Binderup* v. *Att'y General*
           Nos. 14-4549/14-4550/15-1975/15-1976

Letter Brief in Response to the Court's June 28, 2016 Order

Dear Ms. Waldron:

The Supreme Court's decision in *Voisine* v. *United States*, No. 14-10154, 2016 U.S. LEXIS 4061 (June 27, 2016), does not control the outcome of the pending appeals in the above-referenced cases. It is, however, instructive, and supports Plaintiffs-Appellees' position.

"The question presented" in *Voisine* was "whether misdemeanor assault convictions for reckless (as contrasted to knowing or intentional) conduct trigger the statutory firearms ban" of 18 U.S.C. § 922(g)(9). *Voisine*, 2016 U.S. LEXIS 4016, at *5. "The issue before us is whether §922(g)(9) applies to reckless assaults, as it does to knowing or intentional ones." *Id*. at *9.

Binderup and Suarez have never been accused of having committed any form of assault, let alone convicted of a crime involving domestic violence. And unlike Binderup and Suarez, the *Voisine* petitioners did not argue that the relevant federal firearms disability was unconstitutional as applied to their personal circumstances.

The *Voisine* petitioners did ask the Court to consider whether "18 U.S.C. §§ 921(a)(33)(A) and 922(g)(9) [are] unconstitutional under the Second, Fifth, and Sixth Amendments and the Ex Post Facto Clause," Petition for Certiorari, *Voisine* v. *United States*, No. 14-10154, at i,[1] but the Court excluded this compound question from the scope of its review, *see Voisine* v. *United States*, 136 S. Ct. 386 (2015). Indeed, the *Voisine* petitioners did not raise their Second and Fifth Amendment claims until their "initial appeal." Petition at 8,¶8. To the extent *Voisine* petitioners raised any Second Amendment arguments, they attacked only Section 922(g)(9)'s facial constitutionality. *See, e.g.,* Petition at 17 (asking "whether a misdemeanor conviction is a sufficiently precise predictor of those who will engage in domestic misconduct with a firearm to survive constitutional scrutiny"); *id.* at 18 ("The question presented . . . is whether *Heller* forecloses a broad based ban on firearms possession for reckless and non-violent misdemeanor convictions"); *id.* at 21 (arguing Section 922(g)(9) is ineffective).

As a controlling matter, then, *Voisine* is inapposite. It merely answers a question of how one interprets statutory language not implicated here. *Voisine* is, however, relevant, in illuminating Congress's approach to regulating firearms possession.

The Court began by noting that Section 922(g)(9) was enacted to "close [a] dangerous loophole." *Voisine*, at *5 (quotation omitted). "[F]irearms and domestic strife are a potentially deadly combination," but assault convictions often do not trigger the felon ban of Section 922(g)(1). *Id.* (quotations omitted). Inherent in this statement are several concepts. First, Section 922(g)(1) seeks to address the possession of firearms by "dangerous" people whose possession of firearms might prove "deadly." Second, Section 922(g)(1) is imperfect; in the context *Voisine* addressed, it was under-inclusive in the respect

---

[1] Available at http://www.scotusblog.com/wp-content/uploads/2015/10/14-10154-Voisine-et-al.-Petition.pdf (last visited July 5, 2016).

cured by Section 922(g)(9). Third, in enacting Section 922(g)(9), Congress could have, but did not, act against *all* people convicted of violent misdemeanors. Congress only acted against a particular subset of violent misdemeanants linked to a particularly heightened threat of firearm violence. Regardless of whether some link might be established between a history of ordinary, non-domestic scuffles and the potential for gun violence, Congress focused on the one qualitatively different class of misdemeanor assault for which it established a link to gun violence. While Binderup and Suarez do not challenge Section 922(g)(1)'s facial constitutionality, Section 922(g)(9) does readily appear to be a more narrowly-tailored provision.

Turning to the question of whether Section 922(g)(9) covers reckless assaults, the Court found that "[s]tatutory text and background alike" confirmed that it does. *Voisine*, at *9. With respect to the textual question, the Court focused on the requirement that the predicate act constitute a "use of force." "[T]he force involved in a qualifying assault must be volitional," and not "an involuntary motion, even a powerful one." *Id*. at *10-*11 (citation omitted). "A person who assaults another recklessly 'use[s]' force, no less than one who carries out that same action knowingly or intentionally." *Id*. at *14-*15.

This interpretation, the Court explained, best matches Congressional intent. "Congress passed §922(g)(9) to take guns out of the hands of abusers convicted under the misdemeanor assault laws then in general use in the States." *Voisine*, at *17. As "a significant majority of jurisdictions" recognized reckless assault, *id*. at *15, excluding such assaults from Section 922(g)(9)'s purview would render the provision "broadly inoperative," *id*. at *16.

The Court concluded by explaining that because Section 922(g)(9)'s textual meaning is unambiguous, it would not need to consider a narrowing construction to avoid Second Amendment questions. *Id*. at *21 n.6. Of course, as noted *supra*, the Court had already rejected considering whether Section 922(g)(9) is facially

unconstitutional. Notably, nothing in the opinion suggested that either of the *Voisine* petitioners were entitled to as-applied relief, nor does it appear that the *Voisine* petitioners advanced such claims.

Finally, nothing in *Voisine* suggests that reckless conduct, in and of itself, could be a constitutional predicate for imposing a firearms prohibition. *Voisine* is not a constitutional decision. And Section 922(g)(9) addresses not *all* reckless conduct, but the "potentially deadly combination" of "[f]irearms and domestic strife." *Voisine*, at *5. The Supreme Court has distinguished mere "callousness toward risk," as in a DUI, from "an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger." *Begay* v. *United States*, 553 U.S. 137, 146 (2008). Were Congress to broadly disarm all individuals convicted of having once acted recklessly, *Voisine* would not stand as useful precedent in the defense of the inevitable facial constitutional challenge to that law. To the extent *Voisine* is instructive here, it instructs that Congress is concerned with disarming dangerous individuals who pose a heightened risk of violent behavior.

                                                  Sincerely,

                                                  /s/ Alan Gura

                                                  Alan Gura
                                                  Counsel for Plaintiffs-Appellees

Certificate of Service

On this, the 8th day of July, 2016, I electronically filed the attached Letter with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. Participants in this appeal are registered CM/ECF users who will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Alan Gura
Alan Gura